64267-95-121

# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | |
|---|---|
| PROFESSIONAL SOLUTIONS INSURANCE COMPANY, ) ) ) Plaintiff, ) ) v. ) ) HOUSECALL PHYSICIANS OF ILLINOIS, ) S.C., DR. CHARLES DEHAAN, HOUSECALL ) PHYSICIANS GROUP OF ROCKFORD, S.C., ) MD@HOME MANAGEMENT, LLC, ) GERTRUDE GLASPIE and BRENDA NELSON, ) ) Defendants. ) | Case No. District Judge: The Hon. Magistrate Judge: The Hon. |

## COMPLAINT FOR DECLARATORY JUDGMENT

Now comes Plaintiff, Professional Solutions Insurance Company, by its attorneys, McKenna Storer, and for its Complaint for Declaratory Judgment against the Defendants, Housecall Physicians of Illinois, S.C., Dr. Charles DeHaan, Housecall Physicians Group of Rockford, S.C., MD@Home Management, LLC, Gertrude Glaspie and Brenda Nelson, states as follows:

### Parties

1. Plaintiff, Professional Solutions Insurance Company (PSIC), is an Iowa corporation and has its principal place of business in Clive, Iowa. Plaintiff is a citizen of Iowa.

2. Defendant, Dr. Charles DeHaan, is a resident and citizen of Illinois.

3. Defendant, Housecall Physicians of Illinois, S.C., is an Illinois Service Corporation with its principal place of business in Chicago, Illinois. Defendant, Housecall

1

Physicians of Illinois, S.C. is a citizen of Illinois. Housecall Physicians of Illinois, S.C. DBA MD@Home is listed as the named insured on the PSIC Policy.

4. Defendant, Housecall Physicians Group of Rockford, S.C., is an Illinois Service Corporation with its principal place of business in Rockford, Illinois. Housecall Physicians Group of Rockford, S.C. is a citizen of Illinois.

5. Defendant MD@Home Management, LLC, is a Delaware limited liability company with its principal place of business in Illinois. MD@Home Holdings, LLC is the manager of MD@Home Management, LLC and is a Delaware limited liability company with its principal place of business in Illinois. Upon information and belief, Aristotle Kornaros is the member of MD@Home Holdings, LLC and is a resident and citizen of Illinois. MD@Home Management, LLC and MD@Home Holdings, LLC are citizens of Delaware and Illinois.

6. Defendant, Gertrude Glaspie, is the underlying tort plaintiff in the Circuit Court of Cook County, Illinois, Case No. 2014 L 012038. Glaspie is a resident and citizen of Illinois.

7. Defendant, Brenda Nelson, is the underlying tort plaintiff in the Circuit Court of Cook County, Illinois, Case No. 2014 L 008929. Nelson is a resident and citizen of Illinois.

### Jurisdiction and Venue

8. Jurisdiction is proper under 28 USC §1332(a)(1) since this is an action between citizens of different states and the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

9. Jurisdiction is also proper under 28 USC §2201(a) because a case of actual controversy exists in connection with the parties' rights and obligations under certain insurance policies issued by PSIC to Housecall Physicians of Illinois, S.C. DBA MD@Home, and this

Court has jurisdiction to declare the rights and legal obligations of any interested party seeking relief.

10. Venue is proper in this Court pursuant to 28 USC §1391(b)(1) because the defendants reside in Illinois and in this judicial district. Venue is also proper under 28 USC §1391(b)(2) because a substantial part of the events and transactions giving rise to the claim occurred in this judicial district.

**Factual Background**

11. On November 20, 2014, Gertrude Glaspie filed a Complaint in the Circuit Court of Cook County, Illinois, under Case No. 2014 L 012038, naming as Defendants Charles DeHaan, Housecall Physicians Group of Illinois, S.C., Housecall Physicians Group of Rockford, S.C., and MD@Home Management, LLC. A copy of the *Glaspie* Complaint is attached as Exhibit A.

12. On December 10, 2014, Brenda Nelson filed a Second Amended Complaint in the Circuit Court of Cook County, Illinois, under Case No. 2014 L 008929, naming as Defendants Housecall Physicians of Illinois, S.C., Housecall Physicians Group of Rockford, S.C. and MD@Home Management, LLC. A copy of the *Nelson* Second Amended Complaint is attached as Exhibit B.

13. The *Glaspie* Complaint alleges that from October 2012 through November 2013 Glaspie was a medical patient, and that during that time period, Defendant, Charles DeHaan, allegedly sexually assaulted her.

14. Count I of the *Glaspie* Complaint alleges battery against DeHaan. Counts II, VI and IX of the *Glaspie* Complaint allege an agency theory against Housecall Physicians of

3

Illinois, S.C., Housecall Physicians Group of Rockford, S.C. and MD@Home Management, LLC based on allegations that DeHaan was acting as an agent and/or employee of these entities and that they are liable for tortuous acts committed during the course and scope of DeHaan's employment. Counts III, IV, VII, VIII, X and XI of the *Glaspie* Complaint allege that the entity Defendants are liable to Ms. Glaspie under theories of negligent hiring and negligent retention.

15. The *Nelson* Second Amended Complaint alleges that on or about September 1, 2012, Nelson was a medical patient and that Defendant, Charles DeHaan, allegedly sexually assaulted her.

16. Count I of the *Nelson* Second Amended Complaint alleges battery against DeHaan. The counts of the *Nelson* Second Amended Complaint directed against Housecall Physicians of Illinois, S.C., Housecall Physicians Group of Rockford, S.C. and MD@Home, LLC, although in a different order from the *Glaspie* Complaint, contain the same allegations and causes of action against the entity defendants.

17. The negligent hiring and negligent retention counts of the *Glaspie* Complaint and *Nelson* Second Amended Complaint are based on allegations that when the entity defendants hired and retained DeHaan, they knew or should have known about his particular unfitness for his position which created a danger of harm to third persons.

### The PSIC Policy

18. PSIC issued a Corporation and Partnership Medical Professional Liability Insurance Policy to Housecall Physicians of Illinois, S.C. DBA MD@Home with a policy period of May 23, 2014 to May 23, 2015. A copy of the PSIC policy is attached as Exhibit C.

19. The Policy states:

4

**Section II. Coverage Agreement**

Within the limit of liability shown on the **Declarations:**

In return for payment of premium and subject to all the terms of this **Policy** and the exclusions stated in **Section VIII. Exclusions, We** will pay on behalf of an **Insured** all sums in excess of the **Deductible(s)** to which this insurance applies and for which an **Insured** becomes legally obligated to pay as **Damages** because of an **Injury** caused by an **Incident** in the performance of **Professional Services** by **You** or someone for whom **You** are legally responsible as provided in this **Policy**. The **Injury** must occur on or after the **Retroactive Date** shown on the **Declarations** and before this **Policy** or coverage for an **Insured** terminates. Any **Claim** associated with an **Injury** caused by an **Incident** must be first reported to **Us** in writing during the **Policy Period** or the **Automatic Extended Reporting Period.** The **Injury** must also be caused by an **Insured** under this **Policy.**

20. The Policy has the following definitions:

    2. **Affiliated Health Care Provider** means any person listed on a Vicarious Liability for Affiliated Healthcare Provider Endorsement.

* * *

    12. **Employee** means any person employed by, or acting under the direction and control of, the **Named Insured** or **Covered Physician**. However, it does not include any:

        a. Intern, extern, fellow, dental, chiropractic, osteopathic or medical doctor; or
        b. Certified Registered Nurse Anesthetist (CRNA); nurse midwife; Nurse Practitioner (NP); Physicians Assistant (PA); podiatrist; or surgical assistant.

* * *

    16. **Incident** means any negligent omission, act or error in the providing of **Professional Services.** All such omissions, errors or acts causally related to the rendering of or failure to render **Professional Services** to one person shall be considered one **Incident.** Casually related acts, errors or omissions that have a common cause or form a causal chain of events shall be considered one **Incident**. An **Incident** shall be deemed to have occurred at the time of the earliest act, error or omission comprising that **Incident.**

* * *

21. **Mid-Level Provider** means an individual employed by, or acting under the supervision, direction and control of, the **Named Insured or Covered Physician** and is duly licensed to practice under one or more of the following licenses: Certified Registered Nurse Anesthetist (CRNA); Nurse Practitioner (NP); Physician Assistant (PA); or Surgeon Assistant (SA).

\* \* \*

26. **Professional Services** means the diagnosis of, treatment or medical care for or medical consultation regarding a patient's medical condition.

21. The Policy defines Insured as:

**Section VI. Definition of Insured**

1. The **Named Insured** as listed in the **Declarations.**

2. Any **Covered Physician** as designated in a Schedule of Covered Physicians issued as part of this **Policy.**

3. Any **Covered Entity** as designated in a Schedule of Covered Entities issued as part of this **Policy**.

4. Any **Covered Mid-Level Provider** as designated in a Schedule of Covered Mid-Level Providers issued as part of this **Policy**.

5. Any **Employee** of the **Named Insured** unless any other valid and collectable insurance applies.

6. Subject to **Our** pre-approval, any substitute (**Locum Tenens**) physician, surgeon or dentist named in a **Locum Tenens** Schedule endorsed to this **Policy** while a **Covered Physician** is temporarily absent from professional practice and for no more than sixty (60) days per **Policy Period.** This definition includes such person only while acting within his or her scope of duties for the **Named Insured** and does not include substitution on a regular basis for any reason.

7. Any person defined in paragraphs 1. through 5. above for **Professional Services** rendered as a "Good Samaritan" in sudden and unforeseen emergencies outside the scope of his or her patient care duties for the **Named Insured** and for which services no remuneration is demanded or received. Coverage as provided by this paragraph applies only to the extent that immunity for such "Good Samaritan" liability is not afforded by any "good Samaritan" statute.

   8. Any person or entity that was an **Insured**, as defined in paragraphs 4. through 7. Above, at the time the **Incident** took place.

* * *

22. The Policy contains the following exclusions:

**VIII. Exclusions**

  This **Policy** does not apply to liability of an **Insured** or to any **Damages, Incidents, Claims** or **Suits** arising out of, based upon or attributable to any of the following:

* * *

   10. The intentional infliction of **Injury**.

* * *

   22. Any **Claim** arising out of any acts or omissions of any current or past partnership, corporation, association or joint venture that is not considered an **Insured** under this **Policy**, or arising out of **Your** status as a member, shareholder, owner, officer or director thereof.

23. The Policy's Covered Entities Schedule identifies Housecall Physicians of Illinois, S.C. DBA MD@Home as the covered entity under the policy. Dr. DeHaan is not identified as one of the Policy's Covered Physicians.

**Count I**
**The PSIC Policy Does Not Provide Coverage To Housecall Physicians Of Illinois, S.C. DBA MD@Home For The *Glaspie* and *Nelson* Lawsuits**

24. Plaintiff incorporates paragraphs 1 – 23 above as paragraph 24 of Count I, as though fully set forth herein.

25. The negligent hiring/negligent retention allegations in the *Glaspie* Complaint and *Nelson* Second Amended Complaint do not involve negligent omissions, acts or errors in the providing of **Professional Services** by Housecall Physicians of Illinois, S.C., DBA MD@Home as defined by the PSIC Policy. As a result, these allegations are not potentially covered and

PSIC has no duty to defend or indemnify Housecall Physicians of Illinois, S.C. DBA MD@Home for the negligent hiring/negligent retention counts of the *Glaspie* Complaint and *Nelson* Second Amended Complaint.

26. The agency allegations in the *Glaspie* Complaint and *Nelson* Second Amended Complaint do not involve a claim for **Injury** caused by an **Incident** in the performance of **Professional Services** by someone for whom Housecall Physicians of Illinois, S.C. DBA MD@Home is legally responsible as provided in the Policy. The Policy recognizes that Housecall Physicians of Illinois, S.C. DBA MD@Home may potentially be legally responsible for an **Insured**, a **Covered Physician**, an **Affiliated Healthcare Provider**, an **Employee** or a **Mid-Level Provider**. Dr. DeHaan does not fall into any of these categories. Therefore, there is no coverage for Housecall Physicians of Illinois, S.C. DBA MD@Home under the PSIC Policy for the agency counts of the *Glaspie* and *Nelson* lawsuits.

27. Further, the agency allegations in the *Glaspie* Complaint and *Nelson* Second Amended Complaint concerning DeHaan do not involve an **Injury** caused by an **Incident** in the performance of **Professional Services** by DeHaan. The allegations in the *Glaspie* Complaint and *Nelson* Second Amended Complaint directed to DeHaan are for sexual battery which is not a negligent act, but an intentional injury which is excluded by the Policy. As a result, there is no coverage to Housecall Physicians of Illinois, S.C. DBA MD@Home for the agency counts of the *Glaspie* Complaint and *Nelson* Second Amended Complaint.

WHEREFORE, Plaintiff Professional Solutions Insurance Company, respectfully requests that this Court enter an Order finding and declaring as follows:

    A. Professional Solutions Insurance Company has no duty to defend or indemnify Housecall Physicians of Illinois, S.C. DBA MD@Home under Policy PPL513076

for the negligent hiring/negligent retention allegations of the *Glaspie* Complaint and *Nelson* Second Amended Complaint because these allegations do not involve negligent omissions, acts or errors in the providing of Professional Services by Housecall Physicians of Illinois, S.C. DBA MD@Home as defined by the PSIC Policy;

B. Professional Solutions Insurance Company has no duty to defend or indemnify Housecall Physicians of Illinois, S.C. DBA MD@Home under Policy PPL513076 for the agency allegations of the *Glaspie* Complaint and *Nelson* Second Amended Complaint because DeHaan is not someone for whom Housecall Physicians of Illinois, S.C. DBA MD@Home is legally responsible as provided in the Policy;

C. Professional Solutions Insurance Company has no duty to defend or indemnify Housecall Physicians of Illinois, S.C. DBA MD@Home under Policy PPL513076 for the agency allegations of the *Glaspie* Complaint and *Nelson* Second Amended Complaint because the allegations against DeHaan do not involve an Incident as defined in the PSIC Policy, but involve intentional injury which is excluded by the Policy; and

D. For other further relief as this Court deems just and appropriate.

### Count II
### The PSIC Policy Does Not Provide Coverage To Housecall Physicians Group of Rockford, S.C. and MD@Home Management, LLC

28. Plaintiff incorporates paragraphs 1 – 27 above as paragraph 28 of Count II, as though fully set forth herein.

29. There is no coverage for Housecall Physicians Group of Rockford, S.C. and MD@Home Management, LLC because these entities are not listed on the Schedule of **Covered**

9

**Entities** on the PSIC Policy. Therefore, these entities are not insureds on the PSIC Policy and PSIC has no duty to defend or indemnify Housecall Physicians Group of Rockford, S.C. and MD@Home Management, LLC for the *Glaspie* and *Nelson* lawsuits.

30. In the alternative, if it is found that Housecall Physicians Group of Rockford, S.C. and MD@Home Management, LLC are insureds on the PSIC Policy, coverage would be excluded for the same reasons coverage is excluded to Housecall Physicians of Illinois, S.C. DBA MD@Home, and the allegations of Count I are repeated and incorporated by reference in Count II as allegations against Housecall Physicians Group of Rockford, S.C. and MD@Home Management, LLC.

WHEREFORE, Plaintiff, Professional Solutions Insurance Company, respectfully requests that this Court enter an Order finding and declaring as follows:

    A.    Professional Solutions Insurance Company has no duty to defend or indemnify Housecall Physicians Group of Rockford, S.C. and MD@Home Management, LLC in the *Glaspie* and *Nelson* lawsuits because these entities are not Insureds under Policy PPL513076;

    B.    Professional Solutions Insurance Company has no duty to defend or indemnify Housecall Physicians Group of Rockford, S.C. and MD@Home Management, LLC in the *Glaspie* and *Nelson* lawsuits for the same reasons that it does not have a duty to defend and indemnify Housecall Physicians of Illinois, S.C. DBA MD@Home; and

    C.    For other such relief as this Court deems just and appropriate.

<u>Count III</u>
<u>The PSIC Policy Does Not Provide Coverage To</u>
<u>Dr. DeHaan For The *Glaspie* And *Nelson* Lawsuits</u>

31. Plaintiff incorporates paragraphs 1 – 30 above as paragraph 31 of Count III, as though fully set forth herein.

32. There is no coverage for DeHaan for the *Glaspie* and *Nelson* Complaints because Dr. DeHaan is not an **Insured**, **Covered Physician**, **Affiliated Healthcare Provider**, **Employee** or **Mid-Level Provider** under the PSIC Policy. Therefore, PSIC has no duty to defend or indemnify Dr. DeHaan for the *Glaspie* and *Nelson* lawsuits.

33. In the alternative, if it is found that Dr. DeHaan is an insured under the PSIC Policy, there would be no coverage for DeHaan as the allegations in the *Glaspie* Complaint and *Nelson* Second Amended Complaint would be excluded under the intentional acts exclusion.

34. In the alternative, if it is found that DeHaan is an insured under the PSIC Policy, there would be no coverage for DeHaan because the *Glaspie* Complaint and *Nelson* Second Amended Complaint do not allege an **Incident** in the providing of **Professional Services** by DeHaan.

WHEREFORE, Plaintiff, Professional Solutions Insurance Company, respectfully requests that this Court enter an Order finding and declaring as follows:

A. Professional Solutions Insurance Company has no duty to defend or indemnify Charles DeHaan in the *Glaspie* and *Nelson* lawsuits because he is not an insured under Policy PPL513076;

B. Professional Solutions Insurance Company has no duty to defend or indemnify Charles DeHaan under Policy PPL513076 because the allegations of the *Glaspie*

        Complaint and *Nelson* Second Amended Complaint are excluded under the intentional acts exclusion;

C.    Professional Solutions Insurance Company has no duty to defend or indemnify Charles DeHaan under Policy PPL513076 in the *Glaspie* and *Nelson* lawsuits because the *Glaspie* Complaint and *Nelson* Second Amended Complaint do not allege an **Incident** in the performance of **Professional Services** by DeHaan; and

D.    For other such relief as this Court deems just and appropriate.

                        Respectfully submitted,

By:
    /s/   Thomas F. Lucas
    One of the Attorneys for Plaintiff,
    PROFESSIONAL SOLUTIONS
    INSURANCE COMPANY

Thomas F. Lucas, Esq.
Kelly E. Purkey, Esq.
McKenna Storer
33 North LaSalle Street
Suite 1400
Chicago, Illinois 60602
312/558-3900