IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

GERTRUDE GLASPIE )
    Plaintiff, )
  )
    v. )
  )
CHARLES DEHAAN individually, ) No: 2014 L 012038
CHARLES DEHAAN as an agent and employee )
of HOUSECALL PHYSICIANS GROUP OF )
ROCKFORD, S.C., HOUSECALL HOUSECALL )
PHYSICIANS GROUP OF ROCKFORD, S.C. )
CHARLES DEHAAN as an agent and employee )
Of HOUSECALL PHYSICIANS GROUP OF )
ILLINOIS, S.C.; HOUSECALL PHYSICIANS )
GROUP OF ILLINOIS, S.C.; CHARLES )
DEHAAN as an agent and employee of )
MD@HOME MANAGEMENT, LLC; )
MD@HOME MANAGEMENT, LLC )
  )
    Defendants. )

## NOTICE OF FILING

Please take notice that on the 4th day of December, 2015 with the
Clerk of the Circuit Court of Cook County, Illinois; of this Notice along with Plaintiff's Second
Amended Complaint, a copy of which is attached.

MICHAEL J. GRAVLIN
ATTORNEY AT LAW

LAW OFFICES OF
MICHAEL J. GRAVLIN, LLC.
134 North LaSalle Street, Suite 2020
Chicago, Illinois 60602
(312) 201-9961
Attorney No: 42760

EXHIBIT

K

## PROOF OF SERVICE

I, the undersigned on oath state that I mailed an electronic copy of this Notice along with Plaintiff's Second Amended Complaint to the above indicated individual on the _4th_ day of _December_, 2015, on or before 5:00 p.m. a copy of which is attached.

MICHAEL J. GRAVLIN
ATTORNEY AT LAW

LAW OFFICES OF
MICHAEL J. GRAVLIN, LLC.
134 North LaSalle Street, Suite 2020
Chicago, Illinois 60602
(312) 201-9961
Attorney No: 42760

**Service List:**

TO:   Segal McCambridge Singer & Maloney
      233 S. Wacker Dr. Ste. 5500
      Chicago, Illinois 60606

      Attn: Anastasios Faukas

      Law Offices of Loretta M. Griffin
      20 N. Clark St. Ste. 2725
      Chicago, Illinois 60602

      Attn: Ana Maria L. Downs

Schain, Banks Kenny & Schwartz, Ltd.
Three First National Plaza, Ste. 5300
Chicago, Illinois 60602

Attn: Nicholas Standiford

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

GERTRUDE GLASPIE          )
            Plaintiff,    )
                          )
                          )
    v.                    )
                          )
CHARLES DEHAAN individually,          )      No: 2014 L 012038
CHARLES DEHAAN as an agent and employee )
of HOUSECALL PHYSICIANS GROUP OF      )
ROCKFORD, S.C., HOUSECALL; HOUSECALL  )
PHYSICIANS GROUP OF ROCKFORD, S.C.    )  ATTORNEY AFFIDAVIT ATTACHED
CHARLES DEHAAN as an agent and employee )  PHYSICIAN REPORT ATTACHED
Of HOUSECALL PHYSICIANS GROUP OF      )
ILLINOIS, S.C.; HOUSECALL PHYSICIANS  )
GROUP OF ILLINOIS, S.C.; CHARLES      )
DEHAAN as an agent and employee of    )
MD@HOME MANAGEMENT, LLC;              )
MD @ HOME MANAGEMENT, LLC            )
                                      )
            Defendants.               )

## SECOND AMENDED COMPLAINT

**NOW COMES** Plaintiff, GERTRUDE GLASPIE, by and through her attorney, THE

LAW OFFICES OF MICHAEL J. GRAVLIN, LLC., and complaining against the Defendants,

CHARLES DEHAAN, CHARLES DEHAAN individually, CHARLES DEHAAN as an agent

and employee of HOUSECALL PHYSICIANS GROUP OF ROCKFORD, S.C., HOUSECALL

PHYSICIANS GROUP OF ROCKFORD, S.C.; CHARLES DEHAAN as agent and employee of

HOUSECALL PHYSICIANS GROUP OF ILLINOIS, S.C.; HOUSECALL PHYSICIANS

GROUP OF ILLINOIS, S.C.; CHARLES DEHAAN as an agent and employee of MD@HOME

MANAGEMENT, LLC; MD @ HOME MANAGEMENT, LLC, and states as follows:

## COUNT I ASSAULT/BATTERY CHARLESS DEHAAN INDIVIDUALLY

1. That from on or about May 30, 2012 to January 16, 2014 at or about 630 E. State Street, Rockford, Illinois, Plaintiff, GERTRUDE GLASPIE was a medical patient at 630 E. State Street, Rockford, Illinois.

2. That at all relevant times Defendant, CHARLES DEHAAN was a licensed medical doctor.

3. That at all relevant times Defendant, CHARLES DEHAAN was employed as a medical doctor.

4. That at all relevant times Defendant, CHARLES DEHAAN saw the Plaintiff, GERTRUDE GLASPIE, in the course of his employment as a licensed medical doctor.

5. That at all relevant times Defendant, CHARLES DEHAAN sexually assaulted the Plaintiff GERTRUDE GLASPIE in the following ways:

    a. Unwanted and non-consensual touching of her breasts;

    b. Unwanted and non-consensual touching of her shoulders;

    c. Unwanted and non-consensual touching of her inner-thighs; and

    d. Unwanted and non-consensual oral sex.

6. That at all relevant times Defendant, CHARLES DEHAAN saw the Plaintiff, GERTRUDE GLASPIE, under the guise of treating certain medical conditions.

7. That at all relevant times Defendant, CHARLES DEHAAN's sexual assault of Plaintiff GERTRUDE GLASPIE was an intentional and willful touching of the Plaintiff GERTRUDE GLASPIE.

8. That at all relevant times Plaintiff GERTRUDE GLASPIE did not consent to the intentional and willful touching by the Defendant, CHARLES DEHAAN.

9. That at all relevant times Defendant, CHARLES DEHAAN was both providing medical treatment and sexually assaulting the Plaintiff, GERTRUDE GLASPIE.

10. That at all relevant times Defendant, CHARLES DEHAAN used his position of power as a licensed medical doctor and the person in control of her physical well-being, over the Plaintiff, GERTRUDE GLASPIE to sexually assault her.

11. That as a direct and proximate result of the sexual assault committed by Defendant, CHARLES DEHAAN; the Plaintiff GERTRUDE GLASPIE suffered serious personal injuries to her body that resulted in conscious pain and suffering; that said injuries are permanent in nature and that the Plaintiff GERTRUDE GLASPIE has and in the future will be caused to endure great pain and suffering; that the Plaintiff GERTRUDE GLASPIE has and in the future will be caused to expend great sums of money endeavoring to be cured of her said injuries; all as a result of the injuries sustained herein.

WHEREFORE, Plaintiff, GERTRUDE GLASPIE prays for an entry of Judgment in her favor and against the Defendant, CHARLES DEHAAN individually in a sum in excess of the minimal jurisdictional limit plus the cost of this suit.

## COUNT II ASSAULT/BATTERY CHARLESS DEHAAN AS AN AGENT AND EMPLOYEE OF HOUSECALL PHYSICIANS GROUP OF ROCKFORD, S.C.

12. Plaintiff, GERTRUDE GLASPIE, re-states and re-alleges Paragraphs 1 through 10 contained in Count I as if fully stated herein.

13. That at all relevant times CHARLES DEHAAN was employed by and acting in the scope of his employment of HOUSECALL PHYSICIANS GROUP OF ROCKFORD, S.C.

14. That at all relevant times Defendant, HOUSECALL PHYSICIANS GROUP OF ROCKFORD, S.C. directly supervised and controlled Defendant, CHARLES DEHAAN.

3

15. That at all relevant times HOUSECALL PHYSICIANS GROUP OF ROCKFORD, S.C. was a corporation organized under the law of the State of Illinois.

16. That as a direct and proximate result of the sexual assault committed by Defendant, CHARLES DEHAAN as an agent and employee of HOUSECALL PHYSICIANS GROUP OF ROCKFORD, S.C.; the Plaintiff GERTRUDE GLASPIE suffered serious personal injuries to her body that resulted in conscious pain and suffering; that said injuries are permanent in nature and that the Plaintiff GERTRUDE GLASPIE has and in the future will be caused to endure great pain and suffering; that the Plaintiff GERTRUDE GLASPIE has and in the future will be caused to expend great sums of money endeavoring to be cured of her said injuries; all as a result of the injuries sustained herein.

WHEREFORE, Plaintiff, GERTRUDE GLASPIE prays for an entry of Judgment in her favor and against the Defendant, CHARLES DEHAAN as an agent and employee of HOUSECALL PHYSICIANS GROUP OF ROCKFORD, S.C. in a sum in excess of the minimal jurisdictional limit plus the cost of this suit.

## COUNT III NEGLIGENT HIRING OF CHARLESS DEHAAN BY HOUSECALL PHYSICIANS GROUP OF ROCKFORD, S.C.

17. Plaintiff, GERTRUDE GLASPIE, re-states and re-alleges Paragraphs 1 through 10 contained in Count I as if fully stated herein.

18. That at the time of Defendant CHARLES DEHAAN's hiring; Defendant HOUSECALL PHYSICIANS GROUP OF ROCKFORD, S.C. knew or should have known about Defendant CHARLES DEHAAN'S particular unfitness for his position including:

    a.   Committing acts of sexual assault against patients;

    b.   Using his position of power as a medical doctor and the person in control of his

patients' physical well-being to perpetrate acts of sexual assault against patients;

   c.  Using patients for sexual gratification;

   d.  Engaging in unwanted sexually suggestive conversations with patients;

   e.  Advancing clinical touching and treatment as a medical provider as a means to sexually assault patients; and

   f.  Placing patients in non-consensual and unwanted sexual situations.

19. That at all relevant times thereafter Defendant Charles DEHAAN's hiring; Defendant HOUSECALL PHYSICIANS GROUP OF ROCKFORD, S.C. knew or should have known Defendant CHARLES DEHAAN had a particular unfitness for his position but in violation of their duty to Plaintiff GERTRUDE GLASPIE failed to:

   a.  Make a reasonable, good faith effort to conduct employment background checks of Defendant CHARLES DEHAAN before employment was offered;

   b.  Conduct criminal background checks or perform any other due diligence to ensure that Defendant CHARLES DEHAAN was fit to conduct private physical examinations within the private confines of a patient without harming the patient or otherwise subjecting said patient to harmful and offensive bodily contact of a sexual nature before employment was offered;

   c.  Monitor the historical progress of Defendant CHARLES DEHAAN who had been the subject of recent discipline or third party complaints before employment was offered;

   d.  Conduct psychological, drug, and alcohol testing of Defendant CHARLES DEHAAN before employment was offered;

   e.  Investigate previous criminal proceedings, adverse employment actions, and

reasons for leaving former employers of Defendant CHARLES DEHAAN who would be treating patients in their homes, before employment was offered; and

f. Evaluate whether Defendant CHARLES DEHAAN was a safe and suitable physician to make house calls to patients.

20. That at all relevant times Defendant HOUSECALL PHYSICIANS GROUP OF ROCKFORD, S.C. knew or should have known Defendant CHARLES DEHAAN's particular unfitness created a danger of harm to third persons, including Plaintiff GERTRUDE GLASPIE.

21. That at all relevant times Defendant CHARLES DEHAAN's particular unfitness was the proximate cause of the Plaintiff, GERTRUDE GLASPIE's injury.

22. That as a direct and proximate result of the negligent hiring of the Defendant, HOUSECALL PHYSICIANS GROUP OF ROCKFORD, S.C.; the Plaintiff GERTRUDE GLASPIE suffered serious personal injuries to her body that resulted in conscious pain and suffering; that said injuries are permanent in nature and that the Plaintiff GERTRUDE GLASPIE has and in the future will be caused to endure great pain and suffering; that the Plaintiff GERTRUDE GLASPIE has and in the future will be caused to expend great sums of money endeavoring to be cured of her said injuries; all as a result of the injuries sustained herein.

WHEREFORE, Plaintiff, GERTRUDE GLASPIE prays for an entry of Judgment in her favor and against the Defendant, HOUSECALL PHYSICIANS GROUP OF ROCKFORD, S.C. in a sum in excess of the minimal jurisdictional limit plus the cost of this suit.

## COUNT IV NEGLIGENT RETENTION OF CHARLES DEHAAN
## BY HOUSECALL PHYSICIANS GROUP OF ROCKFORD, S.C.

23. Plaintiff, GERTRUDE GLASPIE, re-states and re-alleges Paragraphs 1 through 10 contained in Count I as if fully stated herein.

24. That at the time of Defendant CHARLES DEHAAN's retention; Defendant HOUSECALL PHYSICIANS GROUP OF ROCKFORD, S.C. knew or should have known about Defendant CHARLES DEHAAN'S particular unfitness for his position including:

   a. Committing acts of sexual assault against patients;

   b. Using his position of power as a medical doctor and the person in control of his patients' physical well-being to perpetrate acts of sexual assault against patients;

   c. Using patients for sexual gratification;

   d. Engaging in unwanted sexually suggestive conversations with patients;

   e. Advancing clinical touching and treatment as a medical provider as a means to sexually assault patients; and

   f. Placing patients in non-consensual and unwanted sexual situations.

25. That at all relevant times thereafter Defendant Charles DEHAAN's hiring; Defendant HOUSECALL PHYSICIANS GROUP OF ROCKFORD, S.C. knew or should have known about Defendant CHARLES DEHAAN'S particular unfitness for his position but in violation of their duty to Plaintiff GERTRUDE GLASPIE failed to:

   a. Carefully monitor the progress of Defendant CHARLES DEHAAN who had been the subject of recent discipline or third party complaints;

   b. Conduct internal staff meetings to familiarize management with typical warning

signs of aberrant behavior demonstrated by Defendant CHARLES DEHAAN;

c.  Cease sending Defendant CHARLES DEHAAN to treat patients medically after reports were made alleging inappropriate touching of the Defendant CHARLES DEHAAN with patients;

d.  Conduct psychological, drug, and alcohol testing, with on-going counseling and follow-up reports for Defendant CHARLES DEHAAN;

e.  Terminate Defendant CHARLES DEHAAN after reports were made alleging inappropriate touching of the Defendant CHARLES DEHAAN with patients;

f.  Develop disciplinary policies and procedures regarding the sexual assault of patients, including how to document complaints, and make sure supervisors are well versed in the policies and procedures established;

g.  Mandate Defendant CHARLES DEHAAN read and understood disciplinary policies and procedures regarding the sexual assault of patients;

h.  Enforce policies and procedures including disciplinary actions concerning the actions of Defendant CHARLES DEHAAN;

i.  Conduct ongoing reference, criminal background, and driving record checks of the Defendant CHARLES DEHAAN;

j.  Investigate all complaints alleging dangerous, harassing, or otherwise inappropriate acts by Defendant CHARLES DEHAAN;

k.  Document all complaints alleging dangerous, harassing, or otherwise inappropriate acts by Defendant CHARLES DEHAAN;

l.  Properly and thoroughly investigate its employees and/or agents who would be making housecalls to patients, including Defendant CHARLES DEHAAN;

m. Determine whether the employee and/or agent was a safe and suitable physician to make housecalls to patients, including Defendant CHARLES DEHAAN;

n. Cease to employ Defendant CHARLES DEHAAN as an employee and/or agent and hold out Defendant CHARLES DEHAAN as an employee and/or agent after proper investigation into the Defendant CHARLES DEHAAN would have revealed he posed a significant risk of committing sexual assault;

o. Investigate complaints of sexual abuse against Defendant CHARLES DEHAAN from patients receiving treatment while Defendant CHARLES DEHAAN was not working for this employer.

p. Contact patients to see if treatment performed by Defendant CHARLES DEHAN was appropriate or if any sexual abuse or any improper contact was occurring;

q. Oversee the dispensing of medication and painkillers by Defendant CHARLES DEHAAN;

r. Contact employees to determine if Defendant CHARLES DEHAAN was sexually abusing or touching patients inappropriately sexually;

s. Contact residential living facilities to see if sexual abuse or inappropriate sexual touching was occurring between Defendant CHARLES DEHAAN and patients; and

t. Adequately supervise the ongoing employment of Defendant CHARLES DEHAAN and his interaction with patients which allowed Defendant CHARLES DEHAAN to continue be alone with patients after reports of sexual abuse became known.

26. That at all relevant times Defendant HOUSECALL PHYSICIANS GROUP OF

9

ROCKFORD, S.C. knew or should have known Defendant CHARLES DEHAAN's particular unfitness created a danger of harm to third persons, including Plaintiff GERTRUDE GLASPIE.

27. That at all relevant times Defendant CHARLES DEHAAN's particular unfitness was the proximate cause of the Plaintiff, GERTRUDE GLASPIE's injury.

28. That as a direct and proximate result of the negligent retention of the Defendant, HOUSECALL PHYSICIANS GROUP OF ROCKFORD, S.C.; the Plaintiff GERTRUDE GLASPIE suffered serious personal injuries to her body that resulted in conscious pain and suffering; that said injuries are permanent in nature and that the Plaintiff GERTRUDE GLASPIE has and in the future will be caused to endure great pain and suffering; that the Plaintiff GERTRUDE GLASPIE has and in the future will be caused to expend great sums of money endeavoring to be cured of her said injuries; all as a result of the injuries sustained herein.

WHEREFORE, Plaintiff, GERTRUDE GLASPIE prays for an entry of Judgment in her favor and against the Defendant, HOUSECALL PHYSICIANS GROUP OF ROCKFORD, S.C. in a sum in excess of the minimal jurisdictional limit plus the cost of this suit.

## COUNT V FRAUD AND DECEIT—FRAUDULENT MSIREPRESENTATION CHARLESS DEHAAN INDIVIDUALLY

29. Plaintiff, GERTRUDE GLASPIE, re-states and re-alleges Paragraphs 1 through 10 contained in Count I as if fully stated herein.

30. That at all relevant times Defendant CHARLES DEHAAN stated that he was a medical doctor and examining the Plaintiff, GERTRUDE GLASPIE for the purpose of treating certain medical conditions.

10

31. That at all relevant times the statements contained in Paragraph 30 were false statements of material facts.

32. That at all relevant times Defendant CHARLES DEHAAN touched Plaintiff GERTRUDE GLASPIE under the guise of providing medical treatment, but was in fact for non-consensual sexual gratification.

33. That at all relevant times the Defendant CHARLES DEHAAN knew the statements were false or believed the statements to be false or made the statements in reckless disregard of whether they were true or false.

34. That at all relevant times the Defendant CHARLES DEHAAN made the statements with the intent to induce the Plaintiff, GERTRUDE GLASPIE to allow the Defendant CHARLES DEHAAN to sexually assault/abuse her.

35. That at all relevant times the Plaintiff, GERTRUDE GLASPIE reasonably believed the Defendant CHARLES DEHAAN's statements contained in Paragraph 30 and believed Defendant CHARLES DEHAAN intended to treat her medical conditions contained in and acted in justified reliance on the truth of the statements.

36. That as a result of the Defendant CHARLES DEHAAN's statements and actions, the Defendant CHARLES DEHAAN was able to sexually assault/abuse Plaintiff, GERTRUDE GLASPIE.

37. That the Plaintiff, GERTRUDE GLASPIE further claims she sustained damages as a result of her reliance.

38. That as a direct and proximate result of the fraud and deceit—fraudulent misrepresentation of the Defendant, CHARLES DEHAAN; the Plaintiff GERTRUDE GLASPIE suffered serious personal injuries to her body that resulted in conscious pain

and suffering; that said injuries are permanent in nature and that the Plaintiff
GERTRUDE GLASPIE has and in the future will be caused to endure great pain and
suffering; that the Plaintiff GERTRUDE GLASPIE has and in the future will be caused to
expend great sums of money endeavoring to be cured of her said injuries; all as a result of
the injuries sustained herein.

WHEREFORE, Plaintiff, GERTRUDE GLASPIE prays for an entry of Judgment in her favor
and against the Defendant, CHARLES DEHAAN in a sum in excess of the minimal
jurisdictional limit plus the cost of this suit.

## COUNT VI ASSAULT/BATTERY CHARLESS DEHAAN AS AN AGENT AND EMPLOYEE OF HOUSECALL PHYSICIANS GROUP OF ILLINOIS, S.C.

39. Plaintiff, GERTRUDE GLASPIE, re-states and re-alleges Paragraphs 1 through 10
contained in Count I as if fully stated herein.

40. That at all relevant times CHARLES DEHAAN was employed by and acting in the scope
of his employment of HOUSECALL PHYSICIANS GROUP OF ILLINOIS, S.C.

41. That at all relevant times Defendant, HOUSECALL PHYSICIANS GROUP OF
ILLINOIS, S.C. directly supervised and controlled Defendant, CHARLES DEHAAN.

42. That at all relevant times HOUSECALL PHYSICIANS GROUP OF ILLINOIS, S.C. was
a corporation organized under the law of the State of Illinois.

43. That as a direct and proximate result of the sexual assault committed by Defendant,
CHARLES DEHAAN as an agent and employee of HOUSECALL PHYSICIANS
GROUP OF ILLINOIS, S.C.; the Plaintiff GERTRUDE GLASPIE suffered serious
personal injuries to her body that resulted in conscious pain and suffering; that said
injuries are permanent in nature and that the Plaintiff GERTRUDE GLASPIE has and in
the future will be caused to endure great pain and suffering; that the Plaintiff

GERTRUDE GLASPIE has and in the future will be caused to expend great sums of money endeavoring to be cured of her said injuries; all as a result of the injuries sustained herein.

WHEREFORE, Plaintiff, GERTRUDE GLASPIE prays for an entry of Judgment in her favor and against the Defendant, CHARLES DEHAAN as an agent and employee of HOUSECALL PHYSICIANS GROUP OF ILLINOIS, S.C. in a sum in excess of the minimal jurisdictional limit plus the cost of this suit.

### COUNT VII NEGLIGENT HIRING OF CHARLESS DEHAAN BY HOUSECALL PHYSICIANS GROUP OF ILLINOIS, S.C.

44. Plaintiff, GERTRUDE GLASPIE, re-states and re-alleges Paragraphs 1 through 10 contained in Count I as if fully stated herein.

45. That at the time of Defendant CHARLES DEHAAN's hiring; Defendant HOUSECALL PHYSICIANS GROUP OF ILLINOIS, S.C. knew or should have known about Defendant CHARLES DEHAAN'S particular unfitness for his position including:

   a. Committing acts of sexual assault against patients;

   b. Using his position of power as a medical doctor and the person in control of his patients' physical well-being to perpetrate acts of sexual assault against patients;

   c. Using patients for sexual gratification;

   d. Engaging in unwanted sexually suggestive conversations with patients;

   e. Advancing clinical touching and treatment as a medical provider as a means to sexually assault patients; and

   f. Placing patients in non-consensual and unwanted sexual situations.

46. That at all relevant times thereafter Defendant Charles DEHAAN's hiring; Defendant

HOUSECALL PHYSICIANS GROUP OF ILLINOIS, S.C. knew or should have known Defendant CHARLES DEHAAN had a particular unfitness for his position but in violation of their duty to Plaintiff GERTRUDE GLASPIE failed to:

    a. Make a reasonable, good faith effort to conduct employment background checks of Defendant CHARLES DEHAAN before employment was offered;

    b. Conduct criminal background checks or perform any other due diligence to ensure that Defendant CHARLES DEHAAN was fit to conduct private physical examinations within the private confines of a patient without harming the patient or otherwise subjecting said patient to harmful and offensive bodily contact of a sexual nature before employment was offered;

    c. Monitor the historical progress of Defendant CHARLES DEHAAN who had been the subject of recent discipline or third party complaints before employment was offered;

    d. Conduct psychological, drug, and alcohol testing of Defendant CHARLES DEHAAN before employment was offered;

    e. Investigate previous criminal proceedings, adverse employment actions, and reasons for leaving former employers of Defendant CHARLES DEHAAN who would be treating patients in their homes, before employment was offered; and

    f. Evaluate whether Defendant CHARLES DEHAAN was a safe and suitable physician to make house calls to patients.

47. That at all relevant times Defendant HOUSECALL PHYSICIANS GROUP OF ILLINOIS, S.C. knew or should have known Defendant CHARLES DEHAAN's particular unfitness created a danger of harm to third persons, including Plaintiff

GERTRUDE GLASPIE.

48. That at all relevant times Defendant CHARLES DEHAAN's particular unfitness was the proximate cause of the Plaintiff, GERTRUDE GLASPIE's injury.

49. That as a direct and proximate result of the negligent hiring of the Defendant, HOUSECALL PHYSICIANS GROUP OF ILLINOIS, S.C.; the Plaintiff GERTRUDE GLASPIE suffered serious personal injuries to her body that resulted in conscious pain and suffering; that said injuries are permanent in nature and that the Plaintiff GERTRUDE GLASPIE has and in the future will be caused to endure great pain and suffering; that the Plaintiff GERTRUDE GLASPIE has and in the future will be caused to expend great sums of money endeavoring to be cured of her said injuries; all as a result of the injuries sustained herein.

WHEREFORE, Plaintiff, GERTRUDE GLASPIE prays for an entry of Judgment in her favor and against the Defendant, HOUSECALL PHYSICIANS GROUP OF ILLINOIS, S.C. in a sum in excess of the minimal jurisdictional limit plus the cost of this suit.

## COUNT VIII NEGLIGENT RETENTION OF CHARLES DEHAAN BY HOUSECALL PHYSICIANS GROUP OF ILLINOIS, S.C.

50. Plaintiff, GERTRUDE GLASPIE, re-states and re-alleges Paragraphs 1 through 10 contained in Count I as if fully stated herein.

51. That at the time of Defendant CHARLES DEHAAN's retention; Defendant HOUSECALL PHYSICIANS GROUP OF ILLINOIS, S.C. knew or should have known about Defendant CHARLES DEHAAN'S particular unfitness for his position including:

    a. Committing acts of sexual assault against patients;

    b. Using his position of power as a medical doctor and the person in control of his patients' physical well-being to perpetrate acts of sexual assault against patients;

    c.  Using patients for sexual gratification;

    d.  Engaging in unwanted sexually suggestive conversations with patients;

    e.  Advancing clinical touching and treatment as a medical provider as a means to sexually assault patients; and

    f.  Placing patients in non-consensual and unwanted sexual situations.

52. That at all relevant times thereafter Defendant Charles DEHAAN's hiring; Defendant HOUSECALL PHYSICIANS GROUP OF ILLINOIS, S.C. knew or should have known about Defendant CHARLES DEHAAN'S particular unfitness for his position but in violation of their duty to Plaintiff GERTRUDE GLASPIE failed to:

    a.  Carefully monitor the progress of Defendant CHARLES DEHAAN who had been the subject of recent discipline or third party complaints;

    b.  Conduct internal staff meetings to familiarize management with typical warning signs of aberrant behavior demonstrated by Defendant CHARLES DEHAAN;

    c.  Cease sending Defendant CHARLES DEHAAN to treat patients medically after reports were made alleging inappropriate touching of the Defendant CHARLES DEHAAN with patients;

    d.  Conduct psychological, drug, and alcohol testing, with on-going counseling and follow-up reports for Defendant CHARLES DEHAAN;

    e.  Terminate Defendant CHARLES DEHAAN after reports were made alleging inappropriate touching of the Defendant CHARLES DEHAAN with patients;

    f.  Develop disciplinary policies and procedures regarding the sexual assault of patients, including how to document complaints, and make sure supervisors are well versed in the policies and procedures established;

16

g. Mandate Defendant CHARLES DEHAAN read and understood disciplinary policies and procedures regarding the sexual assault of patients;

h. Enforce policies and procedures including disciplinary actions concerning the actions of Defendant CHARLES DEHAAN;

i. Conduct ongoing reference, criminal background, and driving record checks of the Defendant CHARLES DEHAAN;

j. Investigate all complaints alleging dangerous, harassing, or otherwise inappropriate acts by Defendant CHARLES DEHAAN;

k. Document all complaints alleging dangerous, harassing, or otherwise inappropriate acts by Defendant CHARLES DEHAAN;

l. Properly and thoroughly investigate its employees and/or agents who would be making housecalls to patients, including Defendant CHARLES DEHAAN;

m. Determine whether the employee and/or agent was a safe and suitable physician to make housecalls to patients, including Defendant CHARLES DEHAAN;

n. Cease to employ Defendant CHARLES DEHAAN as an employee and/or agent and hold out Defendant CHARLES DEHAAN as an employee and/or agent after proper investigation into the Defendant CHARLES DEHAAN would have revealed he posed a significant risk of committing sexual assault;

o. Investigate complaints of sexual abuse against Defendant CHARLES DEHAAN from patients receiving treatment while Defendant CHARLES DEHAAN was not working for this employer.

p. Contact patients to see if treatment performed by Defendant CHARLES DEHAN was appropriate or if any sexual abuse or any improper contact was occurring;

17

    q.  Oversee the dispensing of medication and painkillers by Defendant CHARLES DEHAAN;

    r.  Contact employees to determine if Defendant CHARLES DEHAAN was sexually abusing or touching patients inappropriately sexually;

    s.  Contact residential living facilities to see if sexual abuse or inappropriate sexual touching was occurring between Defendant CHARLES DEHAAN and patients; and

    t.  Adequately supervise the ongoing employment of Defendant CHARLES DEHAAN and his interaction with patients which allowed Defendant CHARLES DEHAAN to continue be alone with patients after reports of sexual abuse became known.

53. That at all relevant times Defendant HOUSECALL PHYSICIANS GROUP OF ILLINOIS, S.C. knew or should have known Defendant CHARLES DEHAAN's particular unfitness created a danger of harm to third persons, including Plaintiff GERTRUDE GLASPIE.

54. That at all relevant times Defendant CHARLES DEHAAN's particular unfitness was the proximate cause of the Plaintiff, GERTRUDE GLASPIE's injury.

55. That as a direct and proximate result of the negligent retention of the Defendant, HOUSECALL PHYSICIANS GROUP OF ILLINOIS, S.C.; the Plaintiff GERTRUDE GLASPIE suffered serious personal injuries to her body that resulted in conscious pain and suffering; that said injuries are permanent in nature and that the Plaintiff GERTRUDE GLASPIE has and in the future will be caused to endure great pain and suffering; that the Plaintiff GERTRUDE GLASPIE has and in the future will be caused to

expend great sums of money endeavoring to be cured of her said injuries; all as a result of the injuries sustained herein.

WHEREFORE, Plaintiff, GERTRUDE GLASPIE prays for an entry of Judgment in her favor and against the Defendant, HOUSECALL PHYSICIANS GROUP OF ILLINOIS, S.C. in a sum in excess of the minimal jurisdictional limit plus the cost of this suit.

## COUNT IX ASSAULT/BATTERY CHARLESS DEHAAN AS AN AGENT AND EMPLOYEE OF MD@HOME MANAGEMENT, LLC

56. Plaintiff, GERTRUDE GLASPIE, re-states and re-alleges Paragraphs 1 through 10 contained in Count I as if fully stated herein.

57. That at all relevant times CHARLES DEHAAN was employed by and acting in the scope of his employment of MD@HOME MANAGEMENT, LLC.

58. That at all relevant times Defendant, MD@HOME MANAGEMENT, LLC directly supervised and controlled Defendant, CHARLES DEHAAN.

59. That at all relevant times MD@HOME MANAGEMENT, LLC was a corporation organized under the law of the State of Illinois.

60. That as a direct and proximate result of the sexual assault committed by Defendant, CHARLES DEHAAN as an agent and employee of MD@HOME MANAGEMENT, LLC; the Plaintiff GERTRUDE GLASPIE suffered serious personal injuries to her body that resulted in conscious pain and suffering; that said injuries are permanent in nature and that the Plaintiff GERTRUDE GLASPIE has and in the future will be caused to endure great pain and suffering; that the Plaintiff GERTRUDE GLASPIE has and in the future will be caused to expend great sums of money endeavoring to be cured of her said injuries; all as a result of the injuries sustained herein.

WHEREFORE, Plaintiff, GERTRUDE GLASPIE prays for an entry of Judgment in her favor and against the Defendant, CHARLES DEHAAN as an agent and employee of MD@HOME MANAGEMENT, LLC in a sum in excess of the minimal jurisdictional limit plus the cost of this suit.

## COUNT X NEGLIGENT HIRING OF CHARLESS DEHAAN BY MD@HOME MANAGEMENT, LLC

61. Plaintiff, GERTRUDE GLASPIE, re-states and re-alleges Paragraphs 1 through 10 contained in Count I as if fully stated herein.

62. That at the time of Defendant CHARLES DEHAAN's hiring; Defendant MD@HOME MANAGEMENT, LLC knew or should have known about Defendant CHARLES DEHAAN'S particular unfitness for his position including:

   a. Committing acts of sexual assault against patients;

   b. Using his position of power as a medical doctor and the person in control of his patients' physical well-being to perpetrate acts of sexual assault against patients;

   c. Using patients for sexual gratification;

   d. Engaging in unwanted sexually suggestive conversations with patients;

   e. Advancing clinical touching and treatment as a medical provider as a means to sexually assault patients; and

   f. Placing patients in non-consensual and unwanted sexual situations.

63. That at all relevant times thereafter Defendant Charles DEHAAN's hiring; Defendant MD@HOME MANAGEMENT, LLC knew or should have known Defendant CHARLES DEHAAN had a particular unfitness for his position but in violation of their duty to Plaintiff GERTRUDE GLASPIE failed to:

   a. Make a reasonable, good faith effort to conduct employment background checks

of Defendant CHARLES DEHAAN before employment was offered;

b. Conduct criminal background checks or perform any other due diligence to ensure that Defendant CHARLES DEHAAN was fit to conduct private physical examinations within the private confines of a patient without harming the patient or otherwise subjecting said patient to harmful and offensive bodily contact of a sexual nature before employment was offered;

c. Monitor the historical progress of Defendant CHARLES DEHAAN who had been the subject of recent discipline or third party complaints before employment was offered;

d. Conduct psychological, drug, and alcohol testing of Defendant CHARLES DEHAAN before employment was offered;

e. Investigate previous criminal proceedings, adverse employment actions, and reasons for leaving former employers of Defendant CHARLES DEHAAN who would be treating patients in their homes, before employment was offered; and

f. Evaluate whether Defendant CHARLES DEHAAN was a safe and suitable physician to make house calls to patients.

64. That at all relevant times Defendant MD a HOME MANAGEMENT, LLC knew or should have known Defendant CHARLES DEHAAN's particular unfitness created a danger of harm to third persons, including Plaintiff GERTRUDE GLASPIE.

65. That at all relevant times Defendant CHARLES DEHAAN's particular unfitness was the proximate cause of the Plaintiff, GERTRUDE GLASPIE's injury.

66. That as a direct and proximate result of the negligent hiring of the Defendant, MD a HOME MANAGEMENT, LLC; the Plaintiff GERTRUDE GLASPIE suffered

serious personal injuries to her body that resulted in conscious pain and suffering; that said injuries are permanent in nature and that the Plaintiff GERTRUDE GLASPIE has and in the future will be caused to endure great pain and suffering; that the Plaintiff GERTRUDE GLASPIE has and in the future will be caused to expend great sums of money endeavoring to be cured of her said injuries; all as a result of the injuries sustained herein.

WHEREFORE, Plaintiff, GERTRUDE GLASPIE prays for an entry of Judgment in her favor and against the Defendant, MD@HOME MANAGEMENT, LLC in a sum in excess of the minimal jurisdictional limit plus the cost of this suit.

## COUNT XI NEGLIGENT RETENTION OF CHARLES DEHAAN BY MD@HOME MANAGEMENT, LLC

67. Plaintiff, GERTRUDE GLASPIE, re-states and re-alleges Paragraphs 1 through 10 contained in Count I as if fully stated herein.

68. That at the time of Defendant CHARLES DEHAAN's retention; Defendant MD@HOME MANAGEMENT, LLC knew or should have known about Defendant CHARLES DEHAAN'S particular unfitness for his position including:

   a. Committing acts of sexual assault against patients;

   b. Using his position of power as a medical doctor and the person in control of his patients' physical well-being to perpetrate acts of sexual assault against patients;

   c. Using patients for sexual gratification;

   d. Engaging in unwanted sexually suggestive conversations with patients;

   e. Advancing clinical touching and treatment as a medical provider as a means to sexually assault patients; and

    f.   Placing patients in non-consensual and unwanted sexual situations.

69. That at all relevant times thereafter Defendant Charles DEHAAN's hiring; Defendant MD@HOME MANAGEMENT, LLC knew or should have known about Defendant CHARLES DEHAAN'S particular unfitness for his position but in violation of their duty to Plaintiff GERTRUDE GLASPIE failed to:

    a.   Carefully monitor the progress of Defendant CHARLES DEHAAN who had been the subject of recent discipline or third party complaints;

    b.   Conduct internal staff meetings to familiarize management with typical warning signs of aberrant behavior demonstrated by Defendant CHARLES DEHAAN;

    c.   Cease sending Defendant CHARLES DEHAAN to treat patients medically after reports were made alleging inappropriate touching of the Defendant CHARLES DEHAAN with patients;

    d.   Conduct psychological, drug, and alcohol testing, with on-going counseling and follow-up reports for Defendant CHARLES DEHAAN;

    e.   Terminate Defendant CHARLES DEHAAN after reports were made alleging inappropriate touching of the Defendant CHARLES DEHAAN with patients;

    f.   Develop disciplinary policies and procedures regarding the sexual assault of patients, including how to document complaints, and make sure supervisors are well versed in the policies and procedures established;

    g.   Mandate Defendant CHARLES DEHAAN read and understood disciplinary policies and procedures regarding the sexual assault of patients;

    h.   Enforce policies and procedures including disciplinary actions concerning the actions of Defendant CHARLES DEHAAN;

i.  Conduct ongoing reference, criminal background, and driving record checks of the Defendant CHARLES DEHAAN;

j.  Investigate all complaints alleging dangerous, harassing, or otherwise inappropriate acts by Defendant CHARLES DEHAAN;

k.  Document all complaints alleging dangerous, harassing, or otherwise inappropriate acts by Defendant CHARLES DEHAAN;

l.  Properly and thoroughly investigate its employees and/or agents who would be making housecalls to patients, including Defendant CHARLES DEHAAN;

m.  Determine whether the employee and/or agent was a safe and suitable physician to make housecalls to patients, including Defendant CHARLES DEHAAN;

n.  Cease to employ Defendant CHARLES DEHAAN as an employee and/or agent and hold out Defendant CHARLES DEHAAN as an employee and/or agent after proper investigation into the Defendant CHARLES DEHAAN would have revealed he posed a significant risk of committing sexual assault;

o.  Investigate complaints of sexual abuse against Defendant CHARLES DEHAAN from patients receiving treatment while Defendant CHARLES DEHAAN was not working for this employer.

p.  Contact patients to see if treatment performed by Defendant CHARLES DEHAN was appropriate or if any sexual abuse or any improper contact was occurring;

q.  Oversee the dispensing of medication and painkillers by Defendant CHARLES DEHAAN;

r.  Contact employees to determine if Defendant CHARLES DEHAAN was sexually abusing or touching patients inappropriately sexually;

24

s. Contact residential living facilities to see if sexual abuse or inappropriate sexual touching was occurring between Defendant CHARLES DEHAAN and patients; and

t. Adequately supervise the ongoing employment of Defendant CHARLES DEHAAN and his interaction with patients which allowed Defendant CHARLES DEHAAN to continue be alone with patients after reports of sexual abuse became known.

70. That at all relevant times Defendant MD @ HOME MANAGEMENT, LLC knew or should have known Defendant CHARLES DEHAAN's particular unfitness created a danger of harm to third persons, including Plaintiff GERTRUDE GLASPIE.

71. That at all relevant times Defendant CHARLES DEHAAN's particular unfitness was the proximate cause of the Plaintiff, GERTRUDE GLASPIE's injury.

72. That as a direct and proximate result of the negligent retention of the Defendant, MD @ HOME MANAGEMENT, LLC the Plaintiff GERTRUDE GLASPIE suffered serious personal injuries to her body that resulted in conscious pain and suffering; that said injuries are permanent in nature and that the Plaintiff GERTRUDE GLASPIE has and in the future will be caused to endure great pain and suffering; that the Plaintiff GERTRUDE GLASPIE has and in the future will be caused to expend great sums of money endeavoring to be cured of her said injuries; all as a result of the injuries sustained herein.

WHEREFORE, Plaintiff, GERTRUDE GLASPIE prays for an entry of Judgment in her favor and against the Defendant, MD @ HOME MANAGEMENT, LLC in a sum in excess of the minimal jurisdictional limit plus the cost of this suit.

## COUNT XII MEDICAL MALPRACTICE CHARLES DEHAAN INDIVIDUALLY

73. Plaintiff, GERTRUDE GLASPIE, re-states and re-alleges Paragraphs 1 through 10 contained in Count I as if fully stated herein.

74. That at all relevant times, Defendant CHARLES DEHAAN stated that he was a medical doctor and examining the Plaintiff, BRENDA NELSON for the purpose of treating certain medical conditions.

75. That at all relevant times, Defendant CHARLES DEHAAN stated that he was a medical doctor and examining the Plaintiff, GERTRUDE GLASPIE for the purpose of treating certain medical conditions.

76. That at all relevant times Defendant CHARLES DEHAAN prescribed certain medications to Plaintiff GERTRUDE GLASPIE for sexual favors and not for medical purposes.

77. That at all relevant times Defendant CHARLES DEHAAN did not dispense certain medications to Plaintiff GERTRUDE GLASPIE for any medicinal purposes.

78. That as a direct and proximate result of the medical malpractice committed by Defendant, CHARLES DEHAAN; the Plaintiff GERTRUDE GLASPIE suffered serious personal injuries to her body that resulted in conscious pain and suffering; that said injuries are permanent in nature and that the Plaintiff GERTRUDE GLASPIE has and in the future will be caused to endure great pain and suffering; that the Plaintiff GERTRUDE GLASPIE has and in the future will be caused to expend great sums of money endeavoring to be cured of her said injuries; all as a result of the injuries sustained herein.

WHEREFORE, Plaintiff, GERTRUDE GLASPIE prays for an entry of Judgment in her favor and against the Defendant, CHARLES DEHAAN individually in a sum in excess of the minimal jurisdictional limit plus the cost of this suit.

## COUNT XIII MEDICAL MALPRACTICE CHARLES DEHAAN AS AN AGENT AND EMPLOYEE OF HOUSECALL PHYSICIANS GROUP OF ROCKFORD, S.C.

79. Plaintiff, GERTRUDE GLASPIE, re-states and re-alleges Paragraphs 1 through 10 contained in Count I as if fully stated herein.

80. Plaintiff, GERTRUDE GLASPIE, re-states and re-alleges Paragraphs 74 through 77 contained in Count XII as if fully stated herein.

81. Plaintiff, GERTRUDE GLASPIE, re-states and re-alleges Paragraphs 13 through 15 contained in Count II as if fully stated herein.

82. That as a direct and proximate result of the medical malpractice committed by Defendant, CHARLES DEHAAN as an agent and employee of Housecall Physicians Group of Rockford, S.C.; the Plaintiff GERTRUDE GLASPIE suffered serious personal injuries to her body that resulted in conscious pain and suffering; that said injuries are permanent in nature and that the Plaintiff GERTRUDE GLASPIE has and in the future will be caused to endure great pain and suffering; that the Plaintiff GERTRUDE GLASPIE has and in the future will be caused to expend great sums of money endeavoring to be cured of her said injuries; all as a result of the injuries sustained herein.

WHEREFORE, Plaintiff, GERTRUDE GLASPIE prays for an entry of Judgment in her favor and against the Defendant, CHARLES DEHAAN as an agent and employee of Housecall Physicians Group of Rockford, S.C. in a sum in excess of the minimal jurisdictional limit plus the cost of this suit.

## COUNT XIV MEDICAL MALPRACTICE CHARLES DEHAAN AS AN AGENT AND EMPLOYEE OF HOUSECALL PHYSICIANS OF ILLINOIS, S.C.

83. Plaintiff, GERTRUDE GLASPIE, re-states and re-alleges Paragraphs 1 through 10 contained in Count I as if fully stated herein.

84. Plaintiff, GERTRUDE GLASPIE, re-states and re-alleges Paragraphs 74 through 77 contained in Count XII as if fully stated herein.

85. Plaintiff, GERTRUDE GLASPIE, re-states and re-alleges Paragraphs 40 through 42 contained in Count VI as if fully stated herein.

86. That as a direct and proximate result of the medical malpractice committed by Defendant, CHARLES DEHAAN as an agent and employee of Housecall Physicians of Illinois, S.C.; the Plaintiff GERTRUDE GLASPIE suffered serious personal injuries to her body that resulted in conscious pain and suffering; that said injuries are permanent in nature and that the Plaintiff GERTRUDE GLASPIE has and in the future will be caused to endure great pain and suffering; that the Plaintiff GERTRUDE GLASPIE has and in the future will be caused to expend great sums of money endeavoring to be cured of her said injuries; all as a result of the injuries sustained herein.

WHEREFORE, Plaintiff, GERTRUDE GLASPIE prays for an entry of Judgment in her favor and against the Defendant, CHARLES DEHAAN as an agent and employee of Housecall Physicians of Illinois, S.C. in a sum in excess of the minimal jurisdictional limit plus the cost of this suit.

## COUNT XV MEDICAL MALPRACTICE CHARLES DEHAAN AS AN AGENT AND EMPLOYEE OF MD a HOME MANAGEMENT, LLC

87. Plaintiff, GERTRUDE GLASPIE, re-states and re-alleges Paragraphs 1 through 10 contained in Count I as if fully stated herein.

88. Plaintiff, GERTRUDE GLASPIE, re-states and re-alleges Paragraphs 74 through 77 contained in Count XII as if fully stated herein.

89. Plaintiff, GERTRUDE GLASPIE, re-states and re-alleges Paragraphs 57 through 59 contained in Count IX as if fully stated herein.

90. That as a direct and proximate result of the medical malpractice committed by Defendant, CHARLES DEHAAN as an agent and employee of MD@Home Management, LLC.; the Plaintiff GERTRUDE GLASPIE suffered serious personal injuries to her body that resulted in conscious pain and suffering; that said injuries are permanent in nature and that the Plaintiff GERTRUDE GLASPIE has and in the future will be caused to endure great pain and suffering; that the Plaintiff GERTRUDE GLASPIE has and in the future will be caused to expend great sums of money endeavoring to be cured of her said injuries; all as a result of the injuries sustained herein.

WHEREFORE, Plaintiff, GERTRUDE GLASPIE prays for an entry of Judgment in her favor and against the Defendant, CHARLES DEHAAN as an agent and employee of MD@Home Management, LLC in a sum in excess of the minimal jurisdictional limit plus the cost of this suit.

## COUNT XVI GENDER-RELATED VIOLENCE CHARLES DEHAAN INDIVIDUALLY

91. Plaintiff, GERTRUDE GLASPIE, re-states and re-alleges Paragraphs 1 through 10 contained in Count I as if fully stated herein.

92. That the allegations contained in Paragraphs 1 through 10 contained in Count I were acts of violence or physical aggression satisfying the elements of battery that were committed, at least in part, on the basis of GERTRUDE GLASPIE's sex in violation of 740 ILCS 82 5, The Illinois Gender Violence Act.

93. That the allegations contained in Paragraphs 1 through 10 contained in Count I was a

physical intrusion or physical invasion of a sexual nature by Defendant CHARLES DEHAAN under coercive conditions against Plaintiff GERTRUDE GLASPIE in violation of 740 ILCS 82/5, The Illinois Gender Violence Act.

94. That the allegations contained in Paragraphs 1 through 10 contained in Count I caused a realistic apprehension that Defendant, CHARLES DEHAAN would commit that act on Plaintiff, GERTRUDE GLASPIE in violation of 740 ILCS 82/5, The Illinois Gender Violence Act.

95. That as a direct and proximate result of the gender-related violence of the Defendant, CHARLES DEHAAN the Plaintiff GERTRUDE GLASPIE suffered serious personal injuries to her body that resulted in conscious pain and suffering; that said injuries are permanent in nature and that the Plaintiff GERTRUDE GLASPIE has and in the future will be caused to endure great pain and suffering; that the Plaintiff GERTRUDE GLASPIE has and in the future will be caused to expend great sums of money endeavoring to be cured of her said injuries; all as a result of the injuries sustained herein.

WHEREFORE, Plaintiff, GERTRUDE GLASPIE prays for an entry of Judgment in her favor and against the Defendant, CHARLES DEHAAN individually in a sum in excess of the minimal jurisdictional limit plus the cost of this suit.

## COUNT XVII INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS CHARLES DEHAAN INDIVIDUALLY

96. Plaintiff, GERTRUDE GLASPIE, re-states and re-alleges Paragraphs 1 through 10 contained in Count I as if fully stated herein.

97. Plaintiff, GERTRUDE GLASPIE, re-states and re-alleges Paragraphs 74 through 77 contained in Count XII as if fully stated herein.

98. That The Defendant CHARLES DEHAAN intended to cause or recklessly or consciously

disregarded the probability of causing emotional distress on the part of the Plaintiff GERTRUDE GLASPIE as a result of the conducted alleged in Paragraphs 1 through 10 contained in Count I and Paragraphs 74 through 77 contained in Count XII of the Defendant Charles DeHaan.

99. That the Plaintiff, GERTRUDE GLASPIE, suffered severe emotion distress as a result of the Defendant CHARLES DEHAAN's conduct as alleged in Paragraphs 1 through 10 contained in Count I and Paragraphs 74 through 77 contained in Count XII.

100.     That as a direct and proximate result of the conduct alleged in Paragraphs 1 through 10 of Count I and Paragraphs 74 through 74 contained in Count XII on the part of the Defendant CHARLES DEHAAN the Plaintiff GERTRUDE GLASPIE suffered serious personal injuries to her body that resulted in conscious pain and suffering; that said injuries are permanent in nature and that the Plaintiff GERTRUDE GLASPIE has and in the future will be caused to endure great pain and suffering; that the Plaintiff GERTRUDE GLASPIE has and in the future will be caused to expend great sums of money endeavoring to be cured of her said injuries; all as a result of the injuries sustained herein.

WHEREFORE, Plaintiff, GERTRUDE GLASPIE prays for an entry of Judgment in her favor and against the Defendant, CHARLES DEHAAN individually in a sum in excess of the minimal jurisdictional limit plus the cost of this suit.

MICHAEL J. GRAVLIN
Attorney for Plaintiff

LAW OFFICES OF
MICHAEL J. GRAVLIN, LLC.
134 N. LASALLE STREET, SUITE 2020
CHICAGO, IL 60602
(312) 201-9961
Attorney NO: 42760

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

GERTRUDE GLASPIE )
        Plaintiff, )
         )
         )
    v. )
         )
CHARLES DEHAAN individually, ) No: 2014 L 012038
CHARLES DEHAAN as an agent and employee )
of HOUSECALL PHYSICIANS GROUP OF )
ROCKFORD, S.C., HOUSECALL; HOUSECALL )
PHYSICIANS GROUP OF ROCKFORD, S.C. )
CHARLES DEHAAN as an agent and employee )
Of HOUSECALL PHYSICIANS GROUP OF )
ILLINOIS, S.C.; HOUSECALL PHYSICIANS )
GROUP OF ILLINOIS, S.C.; CHARLES )
DEHAAN as an agent and employee of )
MD@HOME MANAGEMENT, LLC; )
MD@HOME MANAGEMENT, LLC )
         )
        Defendants. )

## ATTORNEY AFFIDAVIT PURSUANT TO 735 ILCS 5/2-622

I, MICHAEL J. GRAVLIN, on oath, depose and state as follows:

1. I have consulted and reviewed the facts of this case with a board certified physician in Family Practice, Emergency Medicine, Geriatrics, and Forensic Medicine who is knowledgeable in the relevant issues involved in this action.

2. The board certified physician in Family Practice, Emergency Medicine, Geriatrics, and Forensic Medicine has practiced or taught within the last six years in the area of health care and medicine that is at issue in this action and currently practices or teaches in the area of health care and medicine that is at issue in this action.

3. The board certified physician in Family Practice, Emergency Medicine, Geriatrics, and Forensic Medicine is qualified by experience and has demonstrated competence in the subject of this case as evidenced in the report attached.

4. The board certified physician in Family Practice, Emergency Medicine, Geriatrics, and Forensic Medicine determined Charles DeHaan deviated from the applicable standard of care.

5. The board certified physician in Family Practice, Emergency Medicine, Geriatrics, and Forensic Medicine determined, in a written report, after review of the available medical

records and other documentation, that there is reasonable and meritorious cause for filing this action.

6. This board certified physician in Family Practice, Emergency Medicine, Geriatrics, and Forensic Medicine has been retained as a consultant in anticipation of litigation and for the purpose of providing the certificate of merit required by statute. The opinions of the consultant of necessity are based only on the medical records which have been obtained at this time. The opinions of this consultant are preliminary. It has not been determined whether this consultant will be called as a witness at trial.

7. I have concluded on the basis of the reviewing physician's review and consultation with me that there is reasonable and meritorious cause for filing this action against Charles DeHaan.

FURTHER, YOUR AFFIANT SAYETH NAUGHT,

MICHAEL J. GRAVLIN
ATTORNEY AT LAW

Subscribed and sworn to before me this ____4th____ day of __December__, 2015.

OFFICIAL SEAL
CLARIBEL GARCIA RODRIGUEZ
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES 03/10/19

Notary Public

LAW OFFICES OF
MICHAEL J. GRAVLIN, LLC.
134 North LaSalle Street, Suite 2020
Chicago, Illinois 60602
(312) 201-9961
(312) 201-9924-Fax
Attorney No: 42760

Michael J. Gravlin
The Law Offices of Michael J. Gravlin LLC
134 N. LaSalle St. Ste. 2020
Chicago, Illinois 60602

Re:    Gertrude Glaspie

Mr. Gravlin:

I am a physician, licensed to practice medicine in all its branches, and I am knowledgeable in the relevant issues involved in this particular action. I have practice in the last 6 years, and continue to practice in the same area of health care that is at issue in this particular action. Specifically, I have been board certified in family medicine since 1987.

To prepare this report I reviewed the State of Illinois Department of Financial and Professional Regulation, Division of Professional Regulation Petition for Temporary Suspension of Dr. Charles DeHaan and I have conducted a telephone interview with Mr. Gravlin during which time the specifics of the visits between Gertrude Glaspie and Dr. Charles DeHaan were discussed.

Based upon the aforementioned records and interview, it is my opinion that the failures and negligent performance of Dr. Charles DeHaan rendering medical services to Gertrude Glaspie include, but are not necessarily limited to, the following:

1.  From approximately February of 2013 to January of 2014, Dr. Charles DeHaan committed inappropriate sexual touching of Ms. Glaspie's breasts, shoulders, and inner-thigh during in-home medical visits;
2.  From approximately February of 2013 to January of 2014, Dr. Charles DeHaan committed unwanted and non-consensual oral sex with Ms. Glaspie during in-home medical visits; and
3.  From approximately February of 2013 to January of 2014, Dr. Charles DeHaan prescribed unnecessary medication to Ms. Glaspie in exchange for sexual favors during in-home medical visits.

In my opinion, based upon my knowledge of the relevant issues in this particular action, my review of the State of Illinois Department of Financial and Professional Regulation, Division of Professional Regulation Petition for Temporary Suspension of Dr. Charles DeHaan, my interview with Mr. Gravlin, and my qualifications and experience, there is a reasonable and meritorious cause for filing an action against Dr. Charles DeHaan grounded in healing arts malpractice under 735 ILCS 5/2-622(a)(1).

This report is not exhaustive of my opinions in this matter. Additionally, my opinions may be subject to change or supplementation in the event that I am provided additional materials to review.