**IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| PROFESSIONAL SOLUTIONS<br>INSURANCE COMPANY,<br><br>                Plaintiff,<br><br>v.<br><br>HOUSECALL PHYSICIANS OF ILLINOIS,<br>S.C., DR. CHARLES DEHAAN,<br>HOUSECALL PHYSICIANS GROUP OF<br>ROCKFORD, S.C., MD@HOME<br>MANAGEMENT, LLC, GERTRUDE<br>GLASPIE, BRENDA NELSON, DEBORAH<br>CURTIS, SUSAN BEESELY, DEBRA<br>LINGELBACH, MARCIE HOLLIMAN, and<br>THELMA YOUNG<br><br>                Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Case No. 15-cv-744<br><br>District Judge:<br>The Hon. Charles P. Kocoras<br><br>Magistrate Judge:<br>The Hon. Susan E. Cox |

**DEFENDANT HOUSECALL PHYSICIANS GROUP OF ROCKFORD, S.C.
ANSWER TO PLAINTIFF'S FOURTH AMENDED COMPLAINT FOR
DECLARATORY JUDGMENT**

Defendant HOUSECALL PHYSICIANS GROUP OF ROCKFORD, S.C., by

counsel Hart McLaughlin & Eldridge, LLC, submits the following Answer to

Plaintiff's Fourth Amended Complaint as follows:

### Parties

1. Plaintiff, Professional Solutions Insurance Company (PSIC), is an Iowa corporation and has its principal place of business in Clive, Iowa. Plaintiff is a citizen of Iowa.

**ANSWER:** **Defendant lacks sufficient information to either admit or deny the allegations of Paragraph 1, and therefore, neither admits nor denies said allegations, but demands strict proof thereof.**

2.   Defendant, Dr. Charles DeHaan, is a resident and citizen of Illinois.

**ANSWER:   Defendant admits the allegations in Paragraph 2.**

3.   Defendant, Housecall Physicians of Illinois, S.C., is an Illinois Corporation with its principal of business in Chicago, Illinois.  Defendant, Housecall Physicians of Illinois, S.C. is a citizen of Illinois.  Housecall Physicians of Illinois, S.C. DBA MD@Home is listed as the named insured on the PSIC Policy.

**ANSWER:   Defendant lacks sufficient information to either admit or deny the allegations of Paragraph 3, and therefore, neither admits nor denies said allegations, but demands strict proof thereof.**

4.   Defendant, Housecall Physicians Group of Rockford, S.C. is an Illinois Service Corporation with its principal place of business in Rockford, Illinois. Housecall Physicians of Rockford, S.C. is a citizen of Illinois.

**ANSWER:   Defendant admits the allegations in Paragraph 4.**

5.   Defendant MD@Home Management, LLC, is a Delaware limited liability company with its principal place of business in Illinois.  MD@Home Holdings, LLC is the manager of MD@Home Management, LLC and is a Delaware limited liability company with its principal place of business in Illinois.  Upon information and belief, Aristotle Kornaros is the member of MD@Home Holdings, LLC and is a resident and citizen of Illinois.  MD@Home Management, LLC and MD@Home Holdings, LLC are citizens of Delaware and Illinois.

**ANSWER:   Defendant lacks sufficient information to either admit or deny the allegations of Paragraph 5, and therefore, neither admits nor denies said allegations, but demands strict proof thereof.**

6.   Defendant, Gertrude Glaspie, is the underlying tort plaintiff in the Circuit Court of Cook County, Illinois, Case No. 2014 L 012038.  Glaspie is a resident and citizen of Illinois.

**ANSWER:   Defendant admits Gertrude Glaspie is the underlying tort plaintiff in the Circuit Court of Cook County, Illinois, Case No. 2014 L 012038.  Defendant lacks sufficient information to either admit or deny the remaining allegations of Paragraph 6, and therefore, neither admits nor denies said allegations, but**

2

demands strict proof thereof.

7.  Defendant, Brenda Nelson, is the underlying tort plaintiff in the Circuit Court of Cook County, Illinois, Case No. 2014 L 008929.  Nelson is a resident and citizen of Illinois.

**ANSWER:  Defendant admits Brenda Nelson is the underlying tort plaintiff in the Circuit Court of Cook County, Illinois. Defendant denies the case number 2014 L 008929.  Defendant lacks sufficient information to either admit or deny the remaining allegations of Paragraph 7, and therefore, neither admits nor denies said allegations, but demands strict proof thereof.**

8.  Defendant, Deborah Curtis, is the underlying tort plaintiff in the Circuit Court of Cook County, Illinois, Case No. 2014 L 012390.  Curtis is a resident and citizen of Illinois.

**ANSWER:  Defendant admits Deborah Curtis is the underlying tort plaintiff in the Circuit Court of Cook County, Illinois, Case No. 2014 L 012390.  Defendant lacks sufficient information to either admit or deny the remaining allegations of Paragraph 8, and therefore, neither admits nor denies said allegations, but demands strict proof thereof.**

9.  Defendant, Susan Beesely, is the underlying tort plaintiff in the Circuit Court of Cook County, Illinois, Case No. 2014 L 008683.  Beesely is a resident and citizen of Illinois.

**ANSWER:  Defendant admits Susan Beesely is the underlying tort plaintiff in the Circuit Court of Cook County, Illinois, Case No. 2014 L 008683.  Defendant lacks sufficient information to either admit or deny the remaining allegations of Paragraph 9, and therefore, neither admits nor denies said allegations, but demands strict proof thereof.**

10. Defendant, Debra Lingelbach, is the underlying tort plaintiff in the Circuit Court of Cook County, Illinois, Case No. 2014 L 010217.  Lingelbach is a resident and citizen of Illinois.

**ANSWER:** **Defendant admits Debra Lingelbach is the underlying tort plaintiff in the Circuit Court of Cook County, Illinois, Case No. 2014 L 010217. Defendant lacks sufficient information to either admit or deny the remaining allegations of Paragraph 10, and therefore, neither admits nor denies said allegations, but demands strict proof thereof.**

11. Jurisdiction is proper under 28 USC §1332(a)(1) since this is an action between citizens of different states and the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

**ANSWER:** **Defendant admits the allegations in Paragraph 11.**

12. Jurisdiction is also proper under 28 USC §2201(a) because a case of actual controversy exists in connection with the parties' rights and obligations under a certain insurance policy issued by PSIC to Housecall Physicians of Illinois, S.C. DBA MD@Home, and this Court has jurisdiction to declare the rights and legal obligations of any interested party seeking relief.

**ANSWER:** **Defendant admits the allegations in Paragraph 12.**

13. Venue is proper in this Court pursuant to 28 USC §1391(b)(1) because the defendants reside in Illinois and in this judicial district. Venue is also proper under 28 USC §1391(b)(2) because a substantial part of the events and transactions giving rise to the claim occurred in this judicial district.

**ANSWER:** **Defendant admits the allegations in Paragraph 13.**

14. On November 20, 2014, Gertrude Glaspie filed a Complaint in the Circuit Court of Cook County, Illinois under Case No. 2014 L 012038, naming as Defendants Charles DeHaan, Housecall Physicians Group of Illinois S.C., Housecall Physicians Group of Rockford, S.C., and MD@Home Management, LLC. A copy of the *Glaspie* Complaint is attached as Exhibit A.

**ANSWER:** **Defendant admits that Gertrude Glaspie filed a Complaint in the Circuit Court of Cook County, Illinois under Case No. 2014 L 012038. In further answering, Defendant admits that Gertrude Glaspie filed a Second Amended Complaint in the Circuit Court of Cook County, Illinois on December 4, 2015. Defendant adopts as though fully set forth herein his answers**

**and denials to the underlying allegations in Gertrude Glaspie's Second Amended Complaint.**

15. On December 10, 2014, Brenda Nelson filed a Second Amended Complaint in the Circuit Court of Cook County, Illinois, under Case No. 2014 L 008929, naming as Defendants Housecall Physicians of Illinois, S.C., Housecall Physicians Group of Rockford, S.C., and MD@Home Management, LLC. A copy of the *Nelson* Second Amended Complaint is attached as Exhibit B.

**ANSWER:** **Defendant admits that Brenda Nelson filed a Second Amended Complaint in the Circuit Court of Cook County, Illinois on December 10, 2014. However, Defendant denies that the case number is 2014 L 008929. In further answering, Defendant admits that Brenda Nelson filed a Fifth Amended Complaint in the Circuit Court of Cook County, Illinois on December 22, 2015. Defendant adopts as though fully set forth herein his answers and denials to the underlying allegations in Brenda Nelson's Fifth Amended Complaint.**

16. On November 26, 2014, Deborah Curtis filed a complaint in the Circuit Court of Cook County, Illinois under Case No. 2014 L 012390, naming as Defendants Charles DeHaan, Housecall Physicians Group of Rockford, S.C., Housecall Physicians Group of Illinois, S.C. and MD@Home Management, LLC. A Copy of the *Curtis* Complaint is attached hereto as Exhibit D.

**ANSWER:** **Defendant admits that Deborah Curtis filed a Complaint in the Circuit Court of Cook County, Illinois on November 26, 2014 under Case No. 2014 L 012390. In further answering, Defendant admits that Deborah Curtis filed a Second Amended Complaint in the Circuit Court of Cook County, Illinois on December 4, 2015. Defendant adopts as though fully set forth herein his answers and denials to the underlying allegations in Deborah Curtis' Second Amended Complaint.**

17. On August 8, 2014, Susan Beesely filed a lawsuit in the Circuit Court of Cook County, Illinois under Case No. 2014 L 008363. A Second Amended Complaint was filed in the *Beesely* case on December 10, 2014. The Second Amended Complaint names as Defendants Charles DeHaan, Housecall Physicians Group of Rockford, S.C., Converge Home Healthcare LLC, Housecall Physicians of Illinois, S.C. and MD@Home Management, LLC. A copy of the *Beesely* Second Amended Complaint is attached hereto as Exhibit E.

**ANSWER: Defendant admits that Susan Beesely filed a Complaint in the Circuit Court of Cook County, Illinois on August 8, 2014 under the Case No. 2014 L 008363. In further answering, Defendant admits that Susan Beesely filed a Second Amended Complaint in the Circuit Court of Cook County, Illinois on December 10, 2014. In further answering, Defendant admits that Susan Beesely filed a Fifth Amended Complaint in the Circuit Court of Cook County, Illinois on December 15, 2015. Defendant adopts as though fully set forth herein his answers and denials to the underlying allegations in Susan Beesely's Fifth Amended Complaint.**

18. On September 30, 2014, Debra Lingelbach filed a complaint in the Circuit Court of Cook County, Illinois, under Case No. 2014 L 010217, naming as Defendants Charles DeHaan, Housecall Physicians Group of Rockford, S.C., Converge Home Healthcare LLC, Housecall Physicians of Illinois, S.C. and MD@Home Management, LLC. A copy of the *Lingelbach* First Amended Complaint is attached hereto as Exhibit F.

**ANSWER: Defendant admits that Debra Lingelbach filed a Complaint in the Circuit Court of Cook County, Illinois on September 30, 2014 under Case No. 2014 L 010217. In further answering, Defendant admits that Debra Lingelbach filed a Second Amended Complaint in the Circuit Court of Cook County, Illinois on December 4, 2015. Defendant adopts as though fully set forth herein his answers and denials to the underlying allegations in Debra Lingelbach's Second Amended Complaint.**

19. The *Glaspie* Complaint alleges that from October 2012 through November 2013 Glaspie was a medical patient, and that during that time period. Defendant, Charles, DeHaan, allegedly sexually assaulted her.

**ANSWER: Defendant admits in part and denies in part the allegations in Paragraph 19. Defendant admits that Gertrude Glaspie's Second Amended Complaint alleges that Gertrude Glaspie "was a medical patient" from "on or about May 30, 2012 to January 16, 2014." Defendant further admits that Gertrude Glaspie's Second Amended Complaint alleges that Charles DeHaan sexually assaulted her. However, Defendant denies that the allegations in Paragraph 19 completely summarize the allegations set forth in Gertrude Glaspie's Second Amended**

**Complaint.**

20. Count I of the *Glaspie* Complaint alleges battery against DeHaan. Counts II, VI and IX of the *Glaspie* Complaint allege an agency theory against Housecall Physicians of Illinois, S.C., Housecall Physicians Group of Rockford, S.C. and MD@Home Management, LLC based on allegations that DeHaan was acting as an agent and/or employee of these entities and that they are liable for tortuous acts committed during the course and scope of DeHaan's employment. Counts III, IV, VII, VIII, X and XI of the *Glaspie* Complaint allege that the entity Defendants are liable to Ms. Glaspie under theories of negligent hiring and negligent retention.

**ANSWER: Defendant admits in part and denies in part the allegations in Paragraph 20. Defendant admits that Gertrude Glaspie's Second Amended Complaint contains Count I alleging assault/battery against Charles DeHaan; Count II alleging assault/battery against Charles DeHaan "as an agent and employee of Housecall Physicians Group of Rockford, S.C."; Count III alleging "negligent hiring of Charles DeHaan by Housecall Physicians Group of Rockford, S.C."; Count IV alleging "negligent retention of Charles DeHaan by Housecall Physicians Group of Rockford, S.C."; Count VI alleging assault/battery against DeHaan "as an agent and employee of Housecall Physicians Group of Illinois, S.C."; Count VII alleging "negligent hiring of Charles DeHaan by Housecall Physicians Group of Illinois, S.C."; Count VIII alleging "negligent retention of Charles DeHaan by Housecall Physicians Group of Illinois, S.C."; Count IX alleging assault/battery against Charles DeHaan "as an agent and employee of MD@Home Management, LLC"; Count X alleging "negligent hiring of Charles DeHaan by MD@Home Management, LLC"; Count XI alleging "negligent retention of Charles DeHaan by MD@Home Management, LLC." However, the Second Amended Complaint also contains Count V alleging "fraud and deceit – fraudulent misrepresentation" against Charles DeHaan, Count XII alleging "medical malpractice" against Charles DeHaan; Counts XIII-XV alleging medical malpractice against Charles DeHaan as an agent for various Defendants; Count XVI alleging "gender-related violence"; and Count XVII alleging "intentional infliction of emotional distress".**

21. The *Nelson* Second Amended Complaint alleges that on or about September

1, 2012, Nelson was a medical patient and that Defendant, Charles DeHaan, allegedly sexually assaulted her.

**ANSWER:** **Defendant admits in part and denies in part the allegations in Paragraph 21. Defendant admits that Brenda Nelson's Second Amended Complaint alleges that Brenda Nelson "was a medical patient" from "on or about September 1, 2012." In further answering, Brenda Nelson's Fifth Amended Complaint alleges that Brenda Nelson "was a medical patient" "on or about September 12, 2012 to on or about March 23, 2013." Defendant further admits that Brenda Nelson's Second Amended Complaint and Fifth Amended Complaint allege that Charles DeHaan sexually assaulted her. However, Defendant denies that the allegations in Paragraph 21 completely summarize the allegations set forth in Brenda Nelson's Second Amended Complaint or Fifth Amended Complaint.**

22. Count I of the *Nelson* Second Amended Complaint alleges battery against DeHaan. The counts of the *Nelson* Second Amended Complaint directed against Housecall Physicians of Illinois, S.C., Housecall Physicians Group of Rockford, S.C. and MD@Home, LLC although in a different order from the *Glaspie* Complaint, contain the same allegations and causes of action against the entity defendants.

**ANSWER:** **Defendant admits in part and denies in part the allegations in Paragraph 22. Defendant admits that Brenda Nelson's Second Amended Complaint contains Count I alleging assault/battery against Charles DeHaan; Count II alleging assault/battery against Charles DeHaan "as an agent and employee of Housecall Physicians Group of Rockford, S.C."; Count III alleging assault/battery against Charles DeHaan "as an agent and employee of Housecall Physicians Group of Illinois, S.C."; Count IV alleging assault/battery against Charles DeHaan "as an agent and employee of MD@Home Management, LLC"; Count V "negligent hiring of Charles DeHaan by Housecall Physicians Group of Rockford, S.C."; Count VI alleging "negligent retention of Charles DeHaan by Housecall Physicians Group of Rockford, S.C."; Count VII alleging "negligent hiring of Charles DeHaan by Housecall Physicians Group of Illinois, S.C."; Count VIII alleging "negligent retention of Charles DeHaan by Housecall Physicians Group of Illinois, S.C."; Count IX alleging "negligent hiring of Charles DeHaan by MD@Home Management, LLC"; and Count X alleging "negligent retention of Charles DeHaan by MD@Home**

**Management, LLC." However, the Second Amended Complaint also contains Count XI alleging "fraud and deceit – fraudulent misrepresentation" against Charles DeHaan. In further answering, Brenda Nelson's Fifth Amended Complaint also contains Count XII alleging "medical malpractice" against Charles DeHaan; Counts XIII-XV alleging medical malpractice against Charles DeHaan as an agent for various Defendants; Count XVI alleging "gender-related violence"; and Count XVII alleging "intentional infliction of emotional distress".**

23. The *Curtis* Complaint alleges that from November 2013 Curtis was a medical patient and that Defendant, Charles DeHaan, allegedly sexually assaulted her.

**ANSWER:** **Defendant admits in part and denies in part the allegations in Paragraph 23. Defendant admits that Deborah Curtis' Complaint alleges that Deborah Curtis "was a medical patient" from "on or about November, 2013." In further answering, Deborah Curtis' Second Amended Complaint alleges that Deborah Curtis "was a medical patient" "on or about December 31, 2011 to on or about November 15, 2013." Defendant further admits that Deborah Curtis' Complaint and Second Amended Complaint allege that Charles DeHaan sexually assaulted her. However, Defendant denies that the allegations in Paragraph 23 completely summarize the allegations set forth in Deborah Curtis' Complaint or Second Amended Complaint.**

24. Count I of the *Curtis* Complaint alleges battery against DeHaan. The Counts ad allegations of the *Curtis* Complaint directed against Housecall Physicians of Illinois, S.C., Housecall Physicians Group of Rockford, S.C. and MD@Home Management, LLC are the same as those alleged in the *Glaspie* Complaint.

**ANSWER:** **Defendant admits in part and denies in part the allegations in Paragraph 24. Defendant admits that Deborah Curtis' Complaint contains Count I alleging assault/battery against Charles DeHaan; Count II alleging assault/battery against Charles DeHaan "as an agent and employee of Housecall Physicians Group of Rockford, S.C."; Count III alleging "negligent hiring of Charles DeHaan by Housecall Physicians Group of Rockford, S.C."; Count IV alleging "negligent retention of Charles DeHaan by Housecall Physicians Group of Rockford, S.C."; no Count V; Count VI alleging assault/battery against Charles DeHaan "as an agent and employee of**

**Housecall Physicians Group of Illinois, S.C."; Count VII "negligent hiring of Charles DeHaan by Housecall Physicians Group of Rockford, S.C."; Count VIII alleging "negligent retention of Charles DeHaan by Housecall Physicians Group of Rockford, S.C.";  Count IX alleging assault/battery against Charles DeHaan "as an agent and employee of MD@Home Management, LLC"; Count X alleging "negligent hiring of Charles DeHaan by MD@Home Management, LLC"; and Count XI alleging "negligent retention of Charles DeHaan by MD@Home Management, LLC."  In further answering, Deborah Curtis' Second Amended Complaint also contains Count XII alleging "medical malpractice" against Charles DeHaan; Counts XIII-XV alleging medical malpractice against Charles DeHaan as an agent for various Defendants; Count XVI alleging "gender-related violence"; and Count XVII alleging "intentional infliction of emotional distress".**

25. The *Beesely* Second Amended Complaint alleges that from September 6, 2013 to September 21, 2013, Beesely was a medical patient, and that Defendant, Charles DeHaan allegedly sexually assaulted her.

**ANSWER: Defendant admits in part and denies in part the allegations in Paragraph 25. Defendant admits that Susan Beesely's Second Amended Complaint alleges that Susan Beesely "was a medical patient" from "on or about September 6, 2013 to on or about September 21, 2013." In further answering, Susan Beesely's Fifth Amended Complaint alleges that Susan Beesely "was a medical patient" from  "on or about March 2013 to on or about September 2013." Defendant further admits that Susan Beesely's Second Amended Complaint and Fifth Amended Complaint allege that Charles DeHaan sexually assaulted her. However, Defendant denies that the allegations in Paragraph 25 completely summarize the allegations set forth in Susan Beesely's Second Amended Complaint or Fifth Amended Complaint.**

26. Count I of the *Beesely* Second Amended Complaint alleges battery against DeHaan. The Counts of the *Beesely* Second Amended Complaint directed against Housecall Physicians of Illinois, S.C., Housecall Physicians Group of Rockford, S.C. and MD@Home, LLC, although in a different order from the *Glaspie* Complaint, contain the same allegations and causes of action against the entity Defendants.

**ANSWER:** **Defendant admits in part and denies in part the allegations in Paragraph 26. Defendant admits that Susan Beesely's Second Amended Complaint contains Count I alleging assault/battery against Charles DeHaan; Count II alleging assault/battery against Charles DeHaan "as an agent and employee of Housecall Physicians Group of Rockford, S.C."; Count III alleging "negligent hiring of Charles DeHaan by Housecall Physicians Group of Rockford, S.C."; Count IV alleging "negligent retention of Charles DeHaan by Housecall Physicians Group of Rockford, S.C."; no Count V; Count VI alleging assault/battery against Charles DeHaan "as an agent and employee of Housecall Physicians Group of Illinois, S.C."; Count VII "negligent hiring of Charles DeHaan by Housecall Physicians Group of Rockford, S.C."; Count VIII alleging "negligent retention of Charles DeHaan by Housecall Physicians Group of Rockford, S.C."; Count IX alleging assault/battery against Charles DeHaan "as an agent and employee of MD@Home Management, LLC"; Count X alleging "negligent hiring of Charles DeHaan by MD@Home Management, LLC"; and Count XI alleging "negligent retention of Charles DeHaan by MD@Home Management, LLC." In further answering, Susan Beesely's Second Amended Complaint also contains Count XII alleging "medical malpractice" against Charles DeHaan; Counts XIII-XV alleging medical malpractice against Charles DeHaan as an agent for various Defendants; Count XVI alleging "gender-related violence"; and Count XVII alleging "intentional infliction of emotional distress".**

27. The *Lingelbach* First Amended Complaint alleges that from March 1, 2013 to January 1, 2014, Lingelbach was a medical patient, and that Defendant, Charles DeHaan, allegedly sexually assaulted her.

**ANSWER: Defendant admits in part and denies in part the allegations in Paragraph 27. Defendant admits that Debra Lingelbach's First Amended Complaint alleges that Debra Lingelbach "was a medical patient" from "on or about March 1, 2013 to on or about January 1, 2014." In further answering, Debra Lingelbach's Second Amended Complaint alleges that Debra Lingelbach "was a medical patient" from "on or about March 2, 2013 to on or about August 20, 2013." Defendant further admits that Debra Lingelbach's First Amended Complaint and Second Amended Complaint allege that Charles DeHaan sexually assaulted her.**

11

**However, Defendant denies that the allegations in Paragraph 27 completely summarize the allegations set forth in Debra Lingelbach's First Amended Complaint or Second Amended Complaint.**

28. Count I of the *Lingelbach* First Amended Complaint alleges battery against DeHaan. The Counts of the *Lingelbach* Complaint directed against Housecall Physicians of Illinois, S.C., Housecall Physicians Group of Rockford, S.C. and MD@Home, LLC although in a different order from the *Glaspie* Complaint, contain the same allegations and causes of action against the entity Defendants.

**ANSWER:** **Defendant admits in part and denies in part the allegations in Paragraph 28. Defendant admits that Debra Lingelbach's First Amended Complaint contains Count I alleging assault/battery against Charles DeHaan; Count II alleging assault/battery against Charles DeHaan "as an agent and employee of Housecall Physicians Group of Rockford, S.C."; Count III alleging assault/battery against Charles DeHaan "as an agent and employee of Housecall Physicians Group of Illinois, S.C."; Count IV alleging assault/battery against Charles DeHaan "as an agent and employee of MD@Home Management, LLC"; Count V alleging "negligent hiring of Charles DeHaan by Housecall Physicians Group of Rockford, S.C."; Count VI alleging "negligent retention of Charles DeHaan by Housecall Physicians Group of Rockford, S.C."; Count VI alleging I "negligent hiring of Charles DeHaan by Housecall Physicians Group of Illinois, S.C."; Count VIII alleging "negligent retention of Charles DeHaan by Housecall Physicians Group of Illinois, S.C."; Count IX alleging "negligent hiring of Charles DeHaan by MD@Home Management, LLC"; and Count X alleging "negligent retention of Charles DeHaan by MD@Home Management, LLC." In further answering, Debra Lingelbach's First Amended Complaint also contains Count XI alleging "fraud and deceit- fraudulent misrepresentation". In further answering, Debra Lingelbach's Second Amended Complaint also contains Count XII alleging "medical malpractice" against Charles DeHaan; Counts XIII-XV alleging medical malpractice against Charles DeHaan as an agent for various Defendants; Count XVI alleging "gender-related violence"; and Count XVII alleging "intentional infliction of emotional distress".**

29. The negligent hiring and negligent retention counts of the *Glaspie* Complaint,

*Nelson* Second Amended Complaint, the *Curtis* Complaint, the *Beesely* Second Amended Complaint and the *Lingelbach* First Amended Complaint are based on allegations that when the entity defendants hired and retained DeHaan, they knew or should have known about his particular unfitness for his position which created a danger of harm to third persons.

**ANSWER: Defendant lacks sufficient information to either admit or deny the allegations of Paragraph 29, and therefore, neither admits nor denies said allegations, but demands strict proof thereof.**

30.  PSIC issued a Corporation and Partnership Medical Professional Liability Insurance Policy to Housecall Physicians of Illinois, S.C. DBA MD@Home with a policy perid of May 23, 2014 to May 23, 2015.  A Copy of the PSIC policy is attached as Exhibit C.

**ANSWER:   Defendant lacks sufficient information to either admit or deny the allegations of Paragraph 30, and therefore, neither admits nor denies said allegations, but demands strict proof thereof.**

31. The Policy states:

**Section II.  Coverage Agreement**

Within the limit of liability shown on the **Declarations:**

In return for payment of premium and subject to all the terms of this **Policy** and the exclusions stated in **Section VIII. Exclusions, We** will play on behalf of an **Insured** all sums in excess of the **Deductible(s)** to which this insurance applies and for which an **Insured** becomes legally obligated to pay as **Damages** because of an **Injury** caused by an **Incident** in the performance of **Professional Services** by **You** or someone for whom **You** are legally responsible as provided in this **Policy.** The **Injury**  must occur on or after the **Retroactive Date** shown on the **Declarations** and before this **Policy** or coverage for an **Insured** terminates.  Any **Claim** associated with an **Injury** caused by an **Incident** must be first reported to **Us** in writing during the **Policy Period** or the **Automatic Extended Reporting Period.** The **Injury** must also be caused by an **Insured** under this **Policy.**

**ANSWER: Defendant admits that Paragraph 31 accurately states the language of "Section II. Coverage Agreement" of the Policy. Defendant denies that Paragraph 31 contains a complete summary of the terms of the Policy.**

32. The Policy has the following definitions:

2. **Affiliated Health Care Provider** means any person listed on a Vicarious Liability for Affiliated Healthcare Provider Endorsement.

12. **Employee** means any person employed by, or acting under the directions and control of, the **Named Insured** or **Covered Physician.** However, it does not include any:

a. Intern, extern, fellow, dental, chiropractic osteopathic or medical doctor; or
b. Certified Registered Nurse Anesthetist (CRNA); nurse midwife; Nurse Practitioner (NP); Physicians Assistant (PA); podiatrist; or surgical assistant

16. **Incident** means any negligent omission, act, or error in the providing of **Professional Services.** All such omissions, errors or acts causally related to the rendering of or failure to render **Professional Services** to one person shall be considered one **Incident.** Casually related acts, errors or omissions that have a common cause or form a causal chain of events shall be considered one **Incident.** An **Incident** shall be deemed to have occurred at the time of the earliest act, error or omission comprising that **Incident.**

21. **Mid-Level Provider** means an individual employed by, or acting under the supervision, direction and control of, the **Name Insured or Covered Physician** and is duly licensed to practice under one or more of the following licenses: Certified Registered Nurse Anesthetist (CRNA); Nurse Practitioner (NP); Physician Assistant (PA); or Surgeon Assistant (SA).

26. **Professional Services** means the diagnosis of, treatment, or medical care for or medical consultation regarding a patient's medical condition.

**ANSWER: Defendant admits that Paragraph 32 accurately states the language of the definitions listed. Defendant denies that Paragraph 32 contains a complete summary of the terms of the Policy.**

33. The Policy defines Insured as:

**Section VI. Definition of Insured**

1. The **Named Insured** as listed in the **Declarations.**

14

2.     Any **Covered Physician** as designated in a Schedule of Covered Physicians issued as part of this **Policy**.

3.     Any **Covered Entity** as designated in a Schedule of Covered Entities issued as part of this **Policy.**

4.     Any **Covered Mid-Level Provider** as designated in a Schedule of Covered Mid-Level Providers issued as part of this **Policy**.

5.     Any **Employee** of the **Named Insured** unless any other valid and collectable insurance applies.

6.     Subject to **Our** pre-approval, any substitute (**Locum Tenens**) physicians, surgeon or dentist named in a **Locum Tenens** Schedule endorsed to this **Policy** while a **Covered Physician** is temporarily absent from professional practice and for no more than sixty (60) days per **Policy Period.** This definition includes such person only while acting within his or her scope of duties for the **Named Insured** and does not include substitution on a regular basis for ay reason.

7.     Any person defined in paragraphs 1 through 5 above for **Professional Services** rendered as a "Good Samaritan" in sudden and unforeseen emergencies outside the scope of his or her patient care duties for the **Named Insured** and for which services no remuneration is demanded or received. Coverage as provided by this paragraph applies only to the extent that immunity for such "Good Samaritan" liability is ot afforded by any "good Samaritan" statute.

8.     Any person or entity that was an **Insured**, as defined in paragraphs 4 through 7. Above, at the time the **Incident** took place.

**ANSWER: Defendant admits that Paragraph 33 accurately states the language of "Section VI. Definition of Insured" of the Policy. Defendant denies that Paragraph 33 contains a complete summary of the terms of the Policy.**

34. The policy contains the following exclusions:

**VIII.    Exclusions**

This **Policy** does not apply to liability of an **Insured** or to any **Damages, Incidents, Claims** or **Suits** arising out of, based upon or

attributable to any of the following:

10.    The intentional infliction of **Injury**.

22.    Any **Claim** arising out of any acts ort omissions of any current or past
       partnership, corporation, association or joint venture that is not
       considered an **Insured** under this **Policy** or arising out of **Your** status
       as a member, shareholder, owner, officer or director thereof.

**ANSWER:**    **Defendant admits that Paragraph 34 accurately states the
               language of "Section VIII. Exclusions" of the Policy. Defendant
               denies that Paragraph 34 contains a complete summary of the
               terms of the Policy. In further answering, Defendant directs
               Plaintiff's attention to the Illinois Amendatory Endorsement
               which states, in part,:**

               **"Exclusion 5 of the policy is amended to read as follows:**

               **5. Sexual impropriety, sexual intimacy, sexual assault, sexual
               harassment or any other similarly defined act. However,
               notwithstanding the foregoing, the Insured shall be protected
               under the terms of this Policy as to any Claim and or allegation
               which may be covered by the Policy upon which any Claim or
               Suit may be brought against the Insured, for any such alleged
               behavior by any Insured unless a judgment or a final
               adjudication adverse to the Insured shall establish that such
               behavior occurred as an essential element of the cause of
               action so adjudicated."**

35.    The Policy's Covered Entities Schedule identifies Housecall Physicians of
Illinois, S.C. DBA MD@Home as the covered entity under the policy. Dr. DeHaan is
not identified as one of the Policy's Covered Physicians.

**ANSWER:**    **Defendant admits that the Policy's Covered Entities Schedule
               identified Housecall Physicians of Illinois, S.C. DBA
               MD@HOME as the covered entity under the policy. Defendant
               denies that Dr. DeHaan was not covered under the Policy.**

## COUNT I

       The allegations contained in Count I of Plaintiff's Complaint is not directed to
this Defendant. To the extent the allegations in Count I may be construed against
this Defendant, this Defendant denies each and every allegation herein.

WHEREFORE, Defendant, HOUSECALL PHYSICIANS OF ROCKFORD, S.C., denies that the Plaintiff is entitled to a judgment in its favor whatsoever, and prays for a judgment in Defendant HOUSECALL PHYSICIANS OF ROCKFORD S.C.'s favor and against the Plaintiff plus costs of this action.

## COUNT II
## The PSIC Policy Does Not Provide Coverage to Housecall Physicians Group of Rockford, S.C. and MD@Home Management, LLC

40. Plaintiff incorporates Paragraphs 1-39 above as paragraphs 1 through 39 of Count II, as though fully set forth herein.

**ANSWER:  Defendant restates and incorporates by reference its answers to Paragraphs 1-39.**

41. There is no coverage for Housecall Physicians Group of Rockford, S.C. and MD@Home Management, LLC because these entities are not listed on the Schedule of Coverage Entities on the PSIC Policy.  Therefore, these entities are not insureds on the PSIC Policy and PSIC has no duty to defend or indemnify Housecall Physicians Group of Rockford, S.C. and MD@Home Management, LLC for the *Glaspie, Nelson, Curtis, Beesely* and *Lingelbach* lawsuits.

**ANSWER:  Defendant denies the allegations in Paragraph 41.**

42. In the alternative, if it is found that Housecall Physicians Group of Rockford, S.C. and MD@Home Management, LLC are insureds on the PSIC Policy, coverage would be excluded for the same reasons coverage is excluded to Housecall Physicians of Illinois, S.C. DBA MD@Home, and the allegations of Count I are repeated and incorporated by reference in Count II as allegations against Housecall Physicians Group of Rockford, S.C. and MD@Home Management, LLC.

**ANSWER:  Defendant denies the allegations in Paragraph 42.**

WHEREFORE, Defendant, HOUSECALL PHYSICIANS OF ROCKFORD, S.C., denies that the Plaintiff is entitled to a judgment in its favor whatsoever, and prays for a judgment in Defendant HOUSECALL PHYSICIANS OF ROCKFORD S.C.'s favor and against the Plaintiff plus costs of this action.

## COUNTS III - IV

The allegations contained in Counts III - IV of Plaintiff's Complaint are not directed to this Defendant. To the extent the allegations in Counts III - IV may be construed against this Defendant, this Defendant denies each and every allegation herein.

WHEREFORE, Defendant, HOUSECALL PHYSICIANS OF ROCKFORD, S.C., denies that the Plaintiff is entitled to a judgment in its favor whatsoever, and prays for a judgment in Defendant HOUSECALL PHYSICIANS OF ROCKFORD S.C.'s favor and against the Plaintiff plus costs of this action.

## COUNT V
## The PSIC Policy Does Not Provide Coverage to Housecall Physicians Group of Rockford, S.C. and MD@Home Management, LLC for the *Holliman* Complaint

58. Plaintiff incorporates by reference Paragraphs 1-46 of the First Amended Complaint and Paragraphs 47-57 above as paragraphs 1 through 57 of Count V, as though fully set forth herein.

**ANSWER: Defendant restates and incorporates by reference its answers to Paragraphs 1-57.**

59. There is no coverage for Housecall Physicians Group of Rockford, S.C. and MD@Home Management, LLC because these entities are not listed on the Schedule of Coverage Entities on the PSIC Policy. Therefore, these entities are not insureds on the PSIC Policy and PSIC has no duty to defend or indemnify Housecall Physicians Group of Rockford, S.C. and MD@Home Management, LLC for the *Holliman* lawsuit.

**ANSWER: Defendant denies the allegations in Paragraph 59.**

60. In the alternative, if it is found that Housecall Physicians Group of Rockford, S.C. and MD@Home Management, LLC are insureds on the PSIC Policy, coverage would be excluded for the same reasons coverage is excluded to Housecall Physicians of Illinois, S.C. DBA MD@Home, and the allegations of Count IV are repeated and incorporated by reference in Count V as allegations against Housecall Physicians Group of Rockford, S.C. and MD@Home Management, LLC.

18

**ANSWER:   Defendant denies the allegations in Paragraph 60.**

WHEREFORE, Defendant, HOUSECALL PHYSICIANS OF ROCKFORD, S.C., denies that the Plaintiff is entitled to a judgment in its favor whatsoever, and prays for a judgment in Defendant HOUSECALL PHYSICIANS OF ROCKFORD S.C.'s  favor and against the Plaintiff plus costs of this action.

<u>**COUNTS VI - VII**</u>

The allegations contained in Counts VI - VII of Plaintiff's Complaint are not directed to this Defendant. To the extent the allegations in Counts VI - VII may be construed against this Defendant, this Defendant denies each and every allegation herein.

WHEREFORE, Defendant, HOUSECALL PHYSICIANS OF ROCKFORD, S.C., denies that the Plaintiff is entitled to a judgment in its favor whatsoever, and prays for a judgment in Defendant HOUSECALL PHYSICIANS OF ROCKFORD S.C.'s  favor and against the Plaintiff plus costs of this action

<u>**COUNT VIII**</u>
<u>**The PSIC Policy Does Not Provide Coverage to Housecall Physicians Group of Rockford, S.C. and MD@Home Management, LLC for the *Young* Complaint**</u>

76. Plaintiff incorporates by reference Paragraphs 1-64 of the First and Second Amended Complaints and Paragraphs 65-75 above as paragraphs 1 through 75 of Count VIII, as though fully set forth herein.

**ANSWER:   Defendant restates and incorporates by reference its answers to Paragraphs 1-75.**

77. There is no coverage for Housecall Physicians Group of Rockford, S.C. and MD@Home Management, LLC because these entities are not listed on the Schedule of Coverage Entities on the PSIC Policy.  Therefore, these entities are not insureds on the PSIC Policy and PSIC has no duty to defend or indemnify Housecall Physicians Group of Rockford, S.C. and MD@Home Management, LLC for the *Young* lawsuit.

**ANSWER:   Defendant denies the allegations in Paragraph 77.**

78. In the alternative, if it is found that Housecall Physicians Group of Rockford,

S.C. and MD@Home Management, LLC are insureds on the PSIC Policy, coverage would be excluded for the same reasons coverage is excluded to Housecall Physicians of Illinois, S.C. DBA MD@Home, and the allegations of Count VII are repeated and incorporated by reference in Count V as allegations against Housecall Physicians Group of Rockford, S.C. and MD@Home Management, LLC.

**ANSWER:   Defendant denies the allegations in Paragraph 78.**

WHEREFORE, Defendant, HOUSECALL PHYSICIANS OF ROCKFORD, S.C., denies that the Plaintiff is entitled to a judgment in its favor whatsoever, and prays for a judgment in Defendant HOUSECALL PHYSICIANS OF ROCKFORD S.C.'s favor and against the Plaintiff plus costs of this action.


## COUNT IX

The allegations contained in Count IX of Plaintiff's Complaint is not directed to this Defendant. To the extent the allegations in Count IX may be construed against this Defendant, this Defendant denies each and every allegation herein.

WHEREFORE, Defendant, HOUSECALL PHYSICIANS OF ROCKFORD, S.C., denies that the Plaintiff is entitled to a judgment in its favor whatsoever, and prays for a judgment in Defendant HOUSECALL PHYSICIANS OF ROCKFORD S.C.'s favor and against the Plaintiff plus costs of this action.


## COUNT X
### The Allegations of the Recently-Filed Amended Complaints Do Not Trigger Potential Coverage Under the PSIC Policy

84. Plaintiff incorporates Paragraphs 1-64 of the First and Second Amended Complaints and paragraphs 65-83 of the Third Amended Complaint as though fully set forth herein.

**ANSWER:   Defendant restates and incorporates by reference his answers to Paragraphs 1-83.**


85. Defendant Young was named as a Defendant in the Third Amended Complaint for Declaratory Judgment which included a copy of her original Complaint which was attached as Exhibit H.

**ANSWER:   Defendant admits the allegations of Paragraph 85.**

86. Attached hereto as Exhibit J is a copy of Defendant Young's First Amended Complaint. The only difference between Defendant Young's first Amended Complaint (Exhibit J) and Defendant Young's original Complaint (Exhibit H) is the attachment of an attorney affidavit and physician's report pursuant to 735 ILCS 5/2-622 in support of her medical malpractice claims.

**ANSWER: Defendant admits Exhibit J is a copy of Defendant Young's First Amended Complaint. Defendant denies that the allegations in Paragraph 86 comprehensively summarize the difference in the pleadings.**

87. Adding the attorney affidavit and physician's report to the *Young* Complaint does not create a potential for coverage under the PSIC Policy. Therefore, for the reasons stated in the Third Amended Complaint for Declaratory Judgment, PSIC does not have a duty to defend or indemnify Defendants Housecall Physicians of Illinois, S.C., Dr. Charles DeHaan, Housecall Physicians Group of Rockford, S.C. and MD@Home Management, LLC in the *Young* lawsuit.

**ANSWER: Defendant denies the allegations of Paragraph 87.**

88. Defendant Glaspie was named as a Defendant in the First Amended Complaint for Declaratory Judgment which included a copy of her original Complaint which was attached as Exhibit A.

**ANSWER: Defendant admits the allegations of Paragraph 88.**

89. Attached hereto as Exhibit K is a copy of Defendant Glaspie's Second Amended Complaint. The claims and allegations of the *Glaspie* Second Amended Complaint are the same as those of the *Young* Complaint.

**ANSWER: Defendant admits Exhibit K is a copy of Defendant Glaspie's Second Amended Complaint. Defendant denies that the allegations in Paragraph 89 comprehensively summarize the difference in the pleadings.**

90. Defendant Glaspie's Second Amended Complaint (Exhibit K) differs from Defendant Glaspie's original Complaint (Exhibit A) by the addition of claims alleging medical malpractice, gender-related violence and intentional infliction of emotional distress, and the attachment of an attorney affidavit and physician's report pursuant to 735 ILCS 5/2-622 in support of her medical malpractice claims.

**ANSWER: Defendant denies that the allegations in Paragraph 90 comprehensively summarize the difference in the pleadings.**

91. Adding new claims, the attorney affidavit and physician's report to the *Glaspie* Complaint does not create a potential for coverage under the PSIC Policy. Therefore, for the reasons stated in the First Amended Complaint for Declaratory Judgment and the Third Amended Complaint for Declaratory Judgment, PSIC does not have a duty to defend or indemnify Defendants Housecall Physicians of Illinois, S.C., Dr. Charles DeHaan, Housecall Physicians Group of Rockford, S.C. and MD@Home Management, LLC in the *Glaspie* lawsuit.

**ANSWER: Defendant denies the allegations of Paragraph 91.**

92. Defendant Nelson was named as a Defendant in the First Amended Complaint for Declaratory Judgment which included a copy of her Second Amended Complaint which was attached as Exhibit B.

**ANSWER: Defendant admits the allegations of Paragraph 92.**

93. Attached hereto as Exhibit L is a copy of Defendant Nelson's Fourth Amended Complaint. The claims and allegations of the *Nelson* Fourth Amended Complaint are the same as those of the *Young* Complaint.

**ANSWER: Defendant admits the allegations of Paragraph 93. In further answering, Brenda Nelson has more recently filed a Fifth Amended Complaint.**

94. Defendant Nelson's Fourth Amended Complaint (Exhibit L) differs from Defendant Nelson's Second Amended Complaint (Exhibit B) by the addition of claims alleging medical malpractice, gender-related violence and intentional infliction of emotional distress, and the attachment of an attorney affidavit and physician's report pursuant to 735 ILCS 5/2-622 in support of her medical malpractice claims.

**ANSWER: Defendant denies that the allegations in Paragraph 94 comprehensively summarize the difference in the pleadings**

95. Adding the new claims, the attorney affidavit and the physician's report to

the *Nelson* Complaint does not create a potential for coverage under the PSIC Policy. Therefore, for the reasons stated in the First Amended Complaint for Declaratory Judgment and the Third Amended Complaint for Declaratory Judgment, PSIC does not have a duty to defend or indemnify Defendants Housecall Physicians of Illinois, S.C., Dr. Charles DeHaan, Housecall Physicians Group of Rockford, S.C. and MD@Home Management, LLC in the *Nelson* lawsuit.

**ANSWER:   Defendant denies the allegations of Paragraph 95.**

96. Defendant Curtis was named as Defendant in the First Amended Complaint which included a copy of her original Complaint which was attached as Exhibit D.

**ANSWER:   Defendant admits the allegations of Paragraph 96.**

97. Attached hereto as Exhibit M is a copy Defendant Curtis' Second Amended Complaint. The claims and allegations of the *Curtis* Second Amended Complaint are the same as those of the *Young* Complaint.

**ANSWER:   Defendant admits Exhibit M is a copy of Defendant Curtis' Second Amended Complaint.   Defendant denies that the allegations in Paragraph 97 comprehensively summarize the difference in the pleadings.**

98. Defendant Curtis' Second Amended Complaint (Exhibit M) differs from Defendant Curtis' original Complaint (Exhibit D) by the addition of claims alleging medical malpractice, gender-related violence and intentional infliction of emotional distress, and the attachment of an attorney affidavit and physician's report pursuant to 735 ILCS 5/2-622 in support of her medical malpractice claims.

**ANSWER:  Defendant denies that the allegations in Paragraph 98 comprehensively summarize the difference in the pleadings**

99. Adding the new claims, the attorney affidavit and the physician's report to the *Curtis* Complaint does not create a potential for coverage under the PSIC Policy. Therefore, for the reasons stated in the First Amended Complaint for Declaratory Judgment and the Third Amended Complaint for Declaratory Judgment, PSIC does not have a duty to defend or indemnify Defendants Housecall Physicians of Illinois, S.C., Dr. Charles DeHaan, Housecall Physicians Group of Rockford, S.C. and MD@Home Management, LLC in the *Curtis* lawsuit.

**ANSWER:  Defendant denies the allegations of Paragraph 99.**


100.     Defendant Beesely was named as a Defendant in the First Amended Complaint for Declaratory Judgment which included a copy of her Second Amended Complaint which was attached as Exhibit E.

**ANSWER:  Defendant admits the allegations of Paragraph 100.**


101.     Attached hereto as Exhibit N is a copy of Defendant Beesely's Fourth Amended Complaint.  The claims and allegations of the *Beesely* Fourth Amended Complaint are the same as those of the *Young* Complaint.

**ANSWER:  Defendant admits Exhibit N is a copy of Defendant Beesely's Fourth Amended Complaint.  Defendant denies that the allegations in Paragraph 101 comprehensively summarize the difference in the pleadings.**


102.     Defendant Beesely's Fourth Amended Complaint (Exhibit N) differs from Defendant Beesely's Second Amended Complaint (Exhibit E) by the addition of claims alleging medical malpractice, gender-related violence and intentional infliction of emotional distress, and the attachment of an attorney affidavit and physician's report pursuant to 735 ILCS 5/2-622 in support of her medical malpractice claims.

**ANSWER:  Defendant denies that the allegations in Paragraph 102 comprehensively summarize the difference in the pleadings**


103.     Adding the new claims, the attorney affidavit and the physician's report to the *Beesely* Complaint does not create a potential for coverage under the PSIC Policy. Therefore, for the reasons stated in the First Amended Complaint for Declaratory Judgment and the Third Amended Complaint for Declaratory Judgment, PSIC does not have a duty to defend or indemnify Defendants Housecall Physicians of Illinois, S.C., Dr. Charles DeHaan, Housecall Physicians Group of Rockford, S.C. and MD@Home Management, LLC in the *Beesely* lawsuit.

**ANSWER:  Defendant denies the allegations of Paragraph 103.**


104.     Defendant Lingelbach was named as a Defendant in the First Amended Complaint for Declaratory Judgment which included a copy of her First

Amended Complaint which was attached as Exhibit F.

**ANSWER:   Defendant admits the allegations of Paragraph 104.**


105.    Attached hereto as Exhibit O is a copy of Defendant Lingelbach's Second Amended Complaint.  The claims and allegations of the *Lingelbach* Second Amended Complaint are the same as those of the *Young* Complaint.

**ANSWER:   Defendant admits Exhibit O is a copy of Defendant Lingelbach's Second Amended Complaint.  Defendant denies that the allegations in Paragraph 105 comprehensively summarize the difference in the pleadings.**


106.    Defendant Lingelbach's Second Amended Complaint (Exhibit O) differs from Defendant Lingelbach's First Amended Complaint (Exhibit F) by the addition of claims alleging medical malpractice, gender-related violence and intentional infliction of emotional distress.

**ANSWER:   Defendant denies that the allegations in Paragraph 106 comprehensively summarize the difference in the pleadings.**


107.    Adding the new claims to the *Lingelbach* Complaint does not create a potential for coverage under the PSIC Policy. Therefore, for the reasons stated in the First Amended Complaint for Declaratory Judgment and the Third Amended Complaint for Declaratory Judgment, PSIC does not have a duty to defend or indemnify Defendants Housecall Physicians of Illinois, S.C., Dr. Charles DeHaan, Housecall Physicians Group of Rockford, S.C. and MD@Home Management, LLC in the *Lingelbach* lawsuit.

**ANSWER:   Defendant denies the allegations of Paragraph 107.**

WHEREFORE, Defendant, HOUSECALL PHYSICIANS OF ROCKFORD, S.C., denies that the Plaintiff is entitled to a judgment in its favor whatsoever, and prays for a judgment in Defendant HOUSECALL PHYSICIANS OF ROCKFORD S.C.'s  favor and against the Plaintiff plus costs of this action.

Hart McLaughlin and Eldridge, LLC


By:    /s/ John (Jack) B. Prior
          One of the Attorneys for
          Defendant Housecall Physicians of
          Rockford, S.C.


Brian Eldridge (6281336)
John (Jack) B. Prior (6306767)
Hart McLaughlin & Eldridge, LLC
121 W. Wacker Drive, Suite 1050
Chicago, Illinois  60601
Tel:     312-955-0545
beldridge@hmelegal.com
jprior@hmelegal.com